JAMES J. DOOLEY, APPELLANT, v. ARTHUR MOAN, RESPONDENT.

*Books of account — what proof required to make them competent as evidence.*

In an action to recover for work and labor performed, the plaintiff's claim was admitted, and the defendant set up by way of counter-claim an account for goods, wares and merchandise sold and delivered by the defendant to the plaintiff. On the trial the defendant proved that he was a merchant, and as such sold and delivered goods to the plaintiff, some of which were delivered to the plaintiff's wife and children; that the defendant, his niece Annie, and her sister, Catherine, delivered goods to the plaintiff and to his family; that Annie was his bookkeeper and made all the entries in the book of account, but none of these persons could state the specific articles delivered by them.

When items were delivered by the bookkeeper she made the entries upon the book, and when they were delivered by others the practice was to enter them on slips of paper and place them on the desk and the bookkeeper would then enter them on the book. The defendant proved by one witness that the latter had dealt with the defendant and had settled from defendant's book, and that defendant kept honest accounts.

The only evidence of the items and amount of the defendant's account against the plaintiff was from the book kept in the manner above indicated, which was offered and received in evidence upon the trial, under plaintiff's objection.

*Held,* that the book was incompetent as evidence in this case; that the evidence did not bring the case within the rule which had existed prior to the time that parties were competent witnesses, under which the books themselves became evidence.

That such rule required proof, first, that the party kept no clerk; second, that some of the articles charged in the account had been delivered; third, that the books produced were the account books of the party; and fourth, by some witness who had dealt with him and settled with him from said books, that he kept fair accounts.

APPEAL by the plaintiff, James J. Dooley, from a judgment of the Albany County Court, entered in the office of the clerk of the

county of Albany on the 11th day of September, 1889, which affirmed a judgment of a Justice's Court, with notice of an intention to bring up for review upon such appeal the judgment and the order of affirmance of said Albany County Court.

The action was originally begun before a justice of the peace of the city of Cohoes, in the county of Albany, from the decision of which court an appeal was taken to the Albany County Court.

*Doyle & Fitts,* for the appellant.

*P. D. Niver,* for the respondent.

MAYHAM, J.:

This is an appeal from the judgment of the County Court of Albany county, affirming a judgment of a justice of the peace. The action was for work and labor. The answer admitted the plaintiff's claim, and set up by way of set-off or counter-claim an account for goods, wares and merchandise sold and delivered by defendant to plaintiff.

On the trial before the justice the defendant claimed and was awarded the affirmative of the issue, and to establish his counter-claim proved that he was a merchant, and as such sold and delivered goods to the plaintiff, some of which were delivered to plaintiff's wife and children. The plaintiff's claim, as alleged and proved, amounted to ninety-six dollars and thirty-nine cents, which was not controverted by the defendant. The defendant's account as claimed amounted to eighty-eight dollars and sixty-eight cents, some of which was for intoxicating liquors.

It seems substantially conceded by the learned counsel on either side that five dollars was deducted by the justice for liquors embraced in the account, and the balance of eighty-three dollars and sixty-eight cents allowed and deducted from the plaintiff's claim of ninety-six dollars and thirty-nine cents, leaving a balance of twelve dollars and seventy-one cents in favor of the plaintiff, for which the justice rendered judgment, with costs.

The evidence shows that the defendant, his niece, Annie Moan, and her sister, Catherine Moan, delivered goods to the plaintiff and his family. Annie was his bookkeeper, and made all of the entries in the book of account put in evidence. None of these persons (who were all sworn as witnesses) could state the specific articles delivered

by them. When items were delivered by the bookkeeper she made the entries upon the book direct, and when delivered by the others the practice was to enter them on slips of paper and place them on the desk, and the bookkeeper would enter them on the book.

The defendant proved by one witness that he had dealt with defendant and settled from his book, and that he kept honest accounts. The only evidence of the items and amount of the defendant's account was from the book kept in the manner above indicated. There was but one book on which the entries were made, which on the trial was called the ledger.

This book was offered and received in evidence on the trial, under the plaintiff's objection. We think its receipt was error, for which the judgment should be reversed.

It is true that the objection was not specifically taken, that the proper foundation had not been laid for its introduction, but it was objected to as incompetent, illegal and improper, and it is quite apparent that no form of objection could have enabled the defendant to have supplied the proof necessary to make this book competent evidence within the established rules of law, allowing books of accounts as evidence.

Before parties were permitted to be witnesses in their own behalf, books of account of a party who kept no clerk were admitted, from necessity, where they were verified and authenticated in a given way; and the method of authentication was definitely stated in *Vosburgh* v. *Thayer* (12 Johns., 462), and that rule has been rigidly adhered to, where books of account have been offered as evidence of the transactions of parties, as distinguished from memoranda, to refresh the recollection of witnesses.

To make books competent evidence under that rule, the party seeking to use them must prove:

*First.* That the party kept no clerk.

*Second.* That some of the articles charged in the account have been delivered.

*Third.* That the books produced are the account books of the party.

*Fourth.* He must prove, by some witness who has dealt with him and settled with him from such books, that he kept fair and honest

accounts; upon such proof the books became competent evidence for the consideration of the court or jury.

This rule has not been changed or relaxed by any of the legislation making parties competent witnesses in their own behalf, or by any judicial determination to which our attention has been directed.

In *Knight* v. *Cunnington* (6 Hun, 100) it was held that the books of a physician were not competent evidence for him, unless he first prove the entries were made by him, that he kept correct books, and that others have dealt and settled with him from these books. In *Gould* v. *Conway* (59 Barb., 355), it was held that where entries were reported by a salesman and entered by a bookkeeper on the book, the book did not prove the entries unless verified by the evidence of the salesman in connection with the book.

In *Ives* v. *Waters* (30 Hun, 298), the rule laid down in *Vosburgh* v. *Thayer* (*supra*), was reaffirmed, and it was held that books of account were not competent evidence when one-fourth of the entries were in the plaintiff's handwriting and three-fourths in that of a clerk.

In *Beatty* v. *Clark* (44 Hun, 126), the court says: "To enable a party's own book of accounts to be put in evidence in his favor, the rule as stated in *Vosburgh* v. *Thayer* (12 Johns., 462), and as it still exists, is that a foundation must be laid for their admission by proving that he had no clerk; that some of the articles charged had been delivered; that the books produced are the account books of the party, and that he keeps fair and honest accounts, and this must be done by those who have dealt and settled with him." Many of these conditions have not been, and could not be complied with in this case as the defendant kept a clerk, and the books were not in his handwriting, nor was any portion of the same. But it is urged by the learned counsel for the respondent that the books in this case were competent evidence under the decisions in *Krom* v. *Levy* (1 Hun, 171); *Mayor* v. *Second Avenue Railroad Company* (102 N. Y., 572); *Halsey* v. *Sinsebaugh* (15 id., 488); *Russell* v. *Hudson River Railroad* (17 id., 140); *Philbin* v. *Patrick* (6 Abb. [N. S.], 287); and *Marcly* v. *Shults* (29 N. Y., 346). But in these cases the books and the entries were used as memoranda to refresh the recollection of witnesses who made or were cognizant of the entries at the time they were made, and could swear that they knew them to be correct when made. In such case it is the refreshed recollection of

the witness, and not the abstract evidence of the books of account, that constitutes the proof.

In *Krom* v. *Levy* (*supra*), the witness made the entries and knew them to be correct at the time, both as to fact and price charged, but could not state them on trial without reference to the book. *Held*, competent for him to read from the book.

In *Mayor* v. *Second Avenue Railroad Company* (*supra*), where the time-keeper delivered statement of time daily to the book-keeper, who entered the time as reported, both swearing to the accuracy of the part performed by them respectively, but neither having knowledge of the accuracy of the facts stated by or acts done by the other, the book was received, and read in evidence, and it was held no error. But this was but the verification of a memoranda which could not err unless one or the other of the witnesses swore falsely. It falls far short of sustaining the admissibility of the book put in evidence in the case at bar.

In *Halsey* v. *Sinsebaugh* (15 N. Y., *supra*), it is held "that an original memorandum made by a witness presently after the fact noted in it transpired, and proved by the *same* witness at the trial, may be read by him, and is evidence to the jury of the facts contained in the memorandum, although the witness may have totally forgotten such facts at the time of the trial."

This is a familiar doctrine, but it is no authority for the introduction of the defendant's books of account in the case at bar.

In *Russell* v. *Hudson River Railroad Company* it was held competent for a witness who made a correct memorandum of an event at the time of the occurrence, which he knew at the time to be correct, but which he could not then recollect, after reading the memorandum to be permitted to read it in evidence, but it will be observed that the memorandum was of an act or event known to the witness at the time it occurred, and not communicated by another.

In *Philbin* v. *Patrick* (*supra*), the witness testified that the entries were made when the articles were delivered in the course of his business as the bookkeeper of the plaintiff. He did not recollect the delivering of the articles, but was only able to state what articles were actually delivered from having made charges in the scrap-book. They were made about the time of the delivery, and his evidence was properly received within the authorities above referred to.

In all these cases it will be observed that the book was only received to refresh or verify the recollection of the clerk or book-keeper, and they do not come within the principle under which books of accounts are made competent evidence for a party in his own favor. Nor do we see that they in any way disturb or trench upon the well-settled rules so long established for the admission of books of accounts as evidence.

We think their admission was error, for which the judgment of the County Court and that of the justice should be reversed.

LEARNED, P. J., and LANDON, J., concurred.

Judgment reversed with costs.