WILLIAM F. SMITH, Respondent, *v.* ALONZO E. SMITH, Appellant.

SALES — BOOKS OF ACCOUNT AS EVIDENCE. A proper foundation, required by the rule relating to the admissibility of books of account in evidence, is laid in an action for merchandise sold and delivered, by testimony that plaintiff kept no clerk; that they were his books of account; that he personally delivered nearly all of the merchandise charged therein; that one who had dealt with him for several years paid his bills relying

upon his honesty and not upon his recollection as to the amount of mer-
chandise ordered, and that another had settled plaintiff's bills against
his employers several times according to his and their own books and
had always found plaintiff's to be correct.

*Smith* v. *Smith*, 13 App. Div. 207, affirmed.

(Argued April 4, 1900; decided May 15, 1900.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
January 23, 1897, affirming a judgment of the Suffolk County
Court entered upon the report of a referee.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Thomas Young* for appellant. The conditions precedent
to the introduction of the books of account were not complied
with by plaintiff. (3 Wait's Law & Practice, 500; *Tomlinson*
v. *Borst*, 30 Barb. 42; *Vosburgh* v. *Thayer*, 12 Johns. 461;
*Dooley* v. *Moan*, 57 Hun, 535; *McGoldrick* v. *Traphagen*,
88 N. Y. 334.) The rule that the plaintiff shall prove by
those who have dealt with him that he kept fair and honest
books was not complied with. (*McGoldrick* v. *Traphagen*,
88 N. Y. 337.)

*Timothy M. Griffing* for respondent. The requirement
that it must be shown that the party keeps fair and honest
accounts was fully met. (*Beatty* v. *Clark*, 44 Hun, 127;
*McGoldrick* v. *Traphagen*, 88 N. Y. 337.) It is apparent
from the evidence that the plaintiff had no clerk within the
meaning of the rule excluding books of account of a party
who employs a clerk. (*Rexford* v. *Comstock*, 3 N. Y. Supp.
876; *Atwood* v. *Barney*, 80 Hun, 1; *Taggart* v. *Fox*, 11
Daly, 159.)

GRAY, J. The plaintiff sought to recover a balance due
for coal sold and delivered by him to the defendant. He

recovered judgment, upon a trial before a referee, and that judgment has been unanimously affirmed by the Appellate Division. Upon his appeal to this court, the defendant assigns as error a ruling of the referee, under which the plaintiff's books of account were admitted in evidence.

Upon the trial, the plaintiff testified to having had business transactions with the defendant, in the sale of coal to him, for some time past ; that his books of account contained a correct statement of the coal sold and delivered within the dates in question and that he, personally, delivered nearly all the coal covered by the account. He testified that his wife kept his books and made the entries therein from memoranda furnished by him, as made after the delivery of the coal. She, also, testified to making the entries in that manner and that they were correctly made. There was evidence on his part, also, to the effect that a copy of the account in the books had been acknowledged by the defendant, with an offer to settle upon some rectification being made. A witness for the plaintiff testified that he had settled with him by his books for eight or ten years and had always found the books correct. Being cross-examined as to that, he said : " I knew the accounts were correct simply because I had confidence in him and paid what he asked. That is all the reason I had for saying they were correct, because I had confidence in him. * * * I relied on his honesty and not on my recollection as to the amount of coal I ordered." Another witness testified for the plaintiff that he was a bookkeeper for a firm that purchased coal from the plaintiff on credit and that he had " settled with him according to his books and according to our own four or five times," and " always found them to be correct."

Upon this evidence the books of account were offered by the plaintiff and the objection to their admission was placed " on the ground that they are incompetent ; a proper foundation not having been laid for their being admitted as evidence." The objection was overruled and the defendant excepted. The question is thus presented whether, in the evidence which preceded, a foundation had been laid for the admission of the

books according to the requirements of a rule of evidence, which should be regarded as established since its formulation in the case of *Vosburgh* v. *Thayer* (12 Johns. 461). It was held in that case that books of account ought not to be admitted in evidence, "unless a foundation is first laid for their admission, by proving that the party had no clerk, that some of the articles charged have been delivered, that the books produced are the account books of the party, and that he keeps fair and honest accounts, and this by those who have dealt and settled with him." The rule, as thus laid down, has been since accepted as correct. (*Matter of McGoldrick* v. *Traphagen*, 88 N. Y. 334; *Tomlinson* v. *Borst*, 30 Barb. 42; *Dooley* v. *Moan*, 57 Hun, 535.) Under these restrictions account books become evidence for the consideration of the tribunal, with which the determination of the issues rests. As evidence, which is manufactured by the party, they should be received with caution; but that is an objection which goes to the weight of the evidence and not to its admissibility, which is to be determined solely with reference to the foundation which has been laid for it. Their admission in evidence is, of course, not authoritative as to their contents; for the conclusion as to their credit will depend upon their appearance, the manner of their keeping and the character of him who offers them. Although the rule under discussion was established at a time when parties to an action were not allowed to be witnesses, the subsequent legislation, which removed that disqualification and authorized parties to testify in their own behalf, has not deprived them of the right to introduce their books of account in evidence. (*Tomlinson* v. *Borst, supra; Stroud* v. *Tilton*, 3 Keyes, 139) The rule may, still, be an important one in the administration of justice in cases where the party kept no clerk able to testify to the truth of the entries in his books and where, unless they are admitted, great inconvenience and a denial of justice may follow.

The conditions precedent to the admissibility of the plaintiff's books of account were sufficiently complied with, within the requirements of the rule in *Vosburgh's* case. The plain-

tiff had sworn that he had personally delivered nearly all the coal charged and that the books which were produced contained his accounts. That he had no clerk was manifest from his testimony. In fact, the appellant does not claim that the plaintiff did have a clerk and, of course, the plaintiff's wife cannot be claimed to be a clerk, within the meaning of the rule. The clerk so intended means one who had something to do with, and had knowledge generally of, the business of his employer and who would be enabled to testify upon the subject of the goods sold. (*Matter of McGoldrick* v. *Traphagen, supra.*)

The plaintiff had affirmatively shown, not only that his wife kept his books for him, but that it was he who either delivered the coal, or superintended its delivery. The evidence was sufficient to negative the idea that he kept a clerk who could testify, by reason of his employment, to the correctness of the account of goods sold and delivered. The remaining requirement, that proof should be made that the plaintiff kept fair and honest books, by those who had dealt with him and who had settled with him on the books, was sufficiently met in the evidence of the two witnesses, which has been mentioned. The evidence went to establish, not only the character of the plaintiff for honesty, but that in a course of business extending over several years the witnesses had always found his books to be correct. In the one case, the witness paid his bills relying upon the plaintiff's honesty and not upon his recollection as to the amount of coal ordered; in the other case, the witness had settled the plaintiff's bill against his employers according to his books and according to their own books, and had always found the plaintiff's books to be correct. Such evidence should be, and is, quite sufficient to discharge the burden resting upon the plaintiff with respect to that item of proof required by the rule.

The judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, LANDON and WERNER, JJ., concur; CULLEN, J., not sitting.

Judgment affirmed.