WRIGHT v. HICKS.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

1. ACTION ON ACCOUNT—ACCOUNT BOOK—ADMISSIBILITY.
· Where plaintiff offered an account book in evidence, and testified that it contained an account of work he had done for defendant's testator and the accounts of other people, the testimony of witnesses that they settled their accounts with plaintiff according to bills presented, was not sufficient to show that the account book was fair and honest.

2. SAME—SECONDARY EVIDENCE.
Plaintiff sued for work performed for defendant's testator, and in a trial before a referee offered in evidence an account book containing the transactions between the parties from 1881 to 1894, and plaintiff testified that the accounts for 1882–83 were copied from another book. Plaintiff's wife testified that she made out bills from the account book, and presented them to defendant, and defendant stated that the bills were in the hands of his attorney. *Held*, that the account book, exclusive of the accounts for 1882–83, was admissible as secondary evidence, because of defendant's failure to produce the bills, since the evidence was sufficient on a reference to show a notice to defendant to produce them.

Appeal from special term, Queens county.

Action by Alfred P. Wright against Joseph W. Hicks, as executor of the last will and testament of John R. Remsen, deceased. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

C. A. S. Van Nostrand, for appellant.
Clarence Edwards, for respondent.

JENKS, J. The action is against an executor for labor done for his testator, for materials furnished, and for money lent from 1881 for a number of years. It was tried before a referee, who dismissed the complaint on the merits. I think that the judgment must be reversed for error in the exclusion of testimony. The plaintiff produced Exhibits A and B for identification, and testified that they were his account books for 1882 and 1883, respectively. He then produced Exhibit C for identification, as his account book from 1881 to 1894. He testified that he kept these books, and that he had no clerk; that A and B contained all the work done in 1882 and 1883, respectively; and that he made the transfer to C in 1884, specifically referring to the transfer from the book for 1883, and by implication to the book of 1882. It is contended that this testimony, and other testimony offered after the Exhibit C had been first rejected, made the said Exhibit C admissible. Even assuming that Exhibit C was the original book, and so disregarding the fact that it was in part but a copy, I think that the appellant did not meet the rule of Vos-

burgh v. Thayer, 12 Johns. 461. The rule is quoted in the recent case of Smith v. Smith, 163 N. Y. 168, 57 N. E. 300, as follows:

" 'Unless a foundation is first laid for their admission, by proving that the party had no clerk, that some of the articles charged have been delivered, that the books produced are the account books of the party, and that he keeps fair and honest accounts, and this by those who have dealt and settled with him.' The rule, as thus laid down, has been since accepted as correct. McGoldrick v. Traphagen, 88 N. Y. 334; Tomlinson v. Borst, 30 Barb. 42; Dooley v. Moan, 57 Hun, 535, 11 N. Y. Supp. 239."

The witness Place testified that he settled his indebtedness to the plaintiff according to bills presented. Kolb had a dispute over one item, and prevailed, while his settlement was upon the bill presented. Hicks did testify that he settled according to the books; but his dealings were all within two years of the trial, and therefore subsequent to 1897, while it did not appear that Exhibit C for identification (the account) related to any transaction subsequent to 1894. Moreover, it did not appear in what book Hicks' account was kept; and the plaintiff testified, referring to Exhibit C for identification: "It contains the work I did for Mr. Remsen and other accounts. This book does not contain account for all work done by me for other people. I have other accounts." And, finally, Hicks admitted that there was a credit to which he was entitled, but on examination of the books the credit did not appear, although it was finally allowed. This testimony does not show that the books were fair and honest, though the plaintiff was, when his attention was called to the error in them. The testimony of witnesses that they settled according to bills presented is not sufficient. Powell v. Murphy, 18 App. Div. 25, 45 N. Y. Supp. 374; Davis v. Seaman, 64 Hun, 572, 19 N. Y. Supp. 260. It has been held that books constitute a personal transaction within the prohibition of section 829 of the Code, in that testimony of a claimant as to their correctness is not competent. Davis v. Seaman, supra. But I think that, in any event, a part of the book Exhibit C was admissible upon a ground different from that suggested by the learned counsel. The wife of the plaintiff testified that she had made out bills correctly copied from Exhibit C, and had rendered them to the testator. The defendant, upon his cross-examination, referring to the bills in question, said: "My counsel has the bills that were presented. I said I would not produce the bills rendered by Mr. Wright to Mr. Remsen." I think that on a reference this may be held sufficient as notice to produce those bills (Kerr v. McGuire, 28 N. Y. 446; Jones, Ev. §§ 219, 220), and that, therefore, in the failure to produce the bills, a part of the book Exhibit C for identification was admissible under the facts proven in the case. I am not unmindful of the rule of Reddington v. Gilman, 1 Bosw. 235, which requires that the best secondary evidence must be produced, and which is authority against the admission of a copy when the original book is available; but the testimony in this case was sufficient to establish that Exhibit C, for the years exclusive of 1882 and 1883, was a book of original entry. The objection sustained was directed generally to the entire exhibit, and therefore did not warrant the learned referee in excluding so much of the exhibit as presented the best secondary evidence. Bee-

be v. Bull, 12 Wend. 504, 27 Am. Dec. 150; Mayor, etc., of City of
New York v. Second Ave. R. Co., 102 N. Y. 572, 582, 7 N. E. 905;
Jones, Ev. § 897; Simson v. Chadwick, 20 Wkly. Dig. 35; Abb. Tr.
Brief, Civ. Jury Trials (2d Ed.) pp. 242, 243. This reversal is placed
solely upon the error indicated.

Judgment reversed, and new trial granted; costs to abide the final
award of costs. All concur.