MEDAD E. STONE, as Administrator of the Estate of LEVERETT STONE, Deceased, Respondent, v. BRIDGET CRONIN, Individually and as Administratrix of the Estate of MICHAEL CRONIN, Deceased, Appellant.

*Books of account as evidence — proof that others had settled by the books — exclusion of evidence as to authority to order goods.*

Books of account are not entitled to be admitted in evidence upon proof by several witnesses that they had settled bills rendered to them, and by another witness that such bills were correctly copied from the books of account where none of the witnesses testifies that he settled his account by the books.

Where, in an action to recover for goods sold and delivered by the plaintiff's intestate to the defendant, it appears that a portion of the goods was ordered by the defendant's daughter, it is error for the court to refuse to allow the daughter to be asked, " Did your mother, the defendant in this action, ever request or instruct or direct you to order any goods of any kind from Mr. Stone during his life?"

APPEAL by the defendant, Bridget Cronin, individually and as administratrix of the estate of Michael Cronin, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 18th day of March, 1901, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of March, 1901, denying the defendant's motion for a new trial made upon the minutes.

The action is brought to recover goods sold by the plaintiff's intestate to the defendant.

*W. J. Powers*, for the appellant.

*John. G. Clark*, for the respondent.

JENKS, J. :

I think that the plaintiff did not meet the rule of *Vosburgh* v. *Thayer* (12 Johns. 461) and *Smith* v. *Smith* (163 N. Y. 168), and that, therefore, the admission of the books was erroneous. The several witnesses testify that they settled bills rendered to them, which the plaintiff testifies were correct copies of the books, but none of the witnesses testifies that he settled his account by the books. In *Matter of McGoldrick* v. *Traphagen* (88 N. Y. 334) " several witnesses testified that they had settled their accounts with the respondent and found them honest and correct, but had never seen the books," and the court, per MILLER, J., say : " The bills settled, which were proved to have been copied from the books, were introduced in evidence, and the respondent's bookkeepers testified that they were copied correctly from the books. One of them also swore that he had settled his own accounts with the respondent by his books and to the best of his knowledge he kept honest books, and that he never heard anything to the contrary. Although the evidence of those who had settled from copies from the books which were produced does not strictly comply with the rule stated as to this portion of the proof, the evidence of the bookkeeper who settled his accounts by the books supplied this defect, and he testified to all that was required within the authorities. The rule in regard to this subject is that the party shall prove by those who have dealt and settled with him that he keeps fair and honest accounts. (*Vosburgh* v. *Thayer*, 12 Johns. 461.)" The plaintiff consented to the dismissal of the cause of action against the defendant as administratrix. The plaintiff failed to prove that the defendant personally ordered any of the goods or that she ever promised to pay therefor. There was testimony that an employee of the plaintiff did deliver some chicken corn at the house of the defendant, and as to this item the defendant testified that although she never ordered it, her daughter did, and it was delivered. It appears that the conduct of the business was entirely in the hands of the daughter of the defendant, and that the plaintiff saw her on two occasions. The learned court refused, under exception, to permit the daughter to be asked :

" Did your mother, the defendant in this action, ever request or instruct or direct you to order any goods of any kind from Mr. Stone during his life ? " This, I think, was error. (*Snyder* v. *Sloane,* 65 App. Div. 543.)

The judgment and order should be reversed and a new trial granted, costs to abide the event.

All concurred ; HIRSCHBERG, J., in result.

Judgment and order reversed and new trial granted, costs to abide the event.