IRA P. SWAN, as Administrator of the Estate of WILLIAM E. SWAN, Deceased, Respondent, v. JAMES H. WARNER, Appellant.

Evidence — books of account — erroneous admission of entries in books of account.

Where it appears on the face of an account of a physician for professional services, claimed to have been rendered to defendant by plaintiff's intestate, that some of the services charged therein were rendered to a nephew of the defendant, and there is no evidence of any express authority to charge such services to the defendant, and no proof of any circumstances which, without authority, warranted such a charge, it is error to permit entries in books of account kept by the decedent to be received in evidence for the purpose of establishing those items.

Swan v. Warner, 126 App. Div. 938, reversed.

(Submitted December 8, 1909; decided January 4, 1910.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 13, 1908, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Richard Krause* for appellant. There was no evidence that any of the services charged in the account were rendered, and the admission of the account was reversible error. (*Morrill* v. *Whitehead*, 4 E. D. Smith, 239.) There was no evidence that the ledger was properly kept, and the admission of the account was reversible error. (*Shipman* v. *Glynn*, 31 App. Div. 425; *Kent* v. *Garvin*, 1 Gray, 148; *Taylor* v.

1910.]    Swan *v.* Warner.    191

N. Y. Rep.]   Opinion of the Court, per Hiscock, J.

*Atkinson,* 127 Mich. 633 ; *Paine* v. *Sherwood,* 21 Minn. 225 ; *Smith* v. *Smith,* 13 App. Div. 207 ; *State* v. *Shinborn,* 46 N. H. 497 ; *Faxon* v. *Hollis,* 13 Mass. 427.) The motions to strike out of the account the items of alleged services to the defendant's nephew should have been granted, and the denials thereof were reversible errors. (*Kinloch* v. *Brown,* 1 Rich. L. 223 ; *Deas* v. *Darby,* 1 N. & McC. 436 ; *Tenbroke* v. *Johnson,* 1 N. J. L. 288 ; *Kerr* v. *Love,* 1 Wash. [Va.] 172 ; *Est. of Henry Wheeler,* 13 Phila. 373 ; *Soper* v. *Veazie,* 32 Me. 122 ; *Poultney* v. *Ross,* 1 Dallas, 238.)

*William D. McNulty* for respondent. The books of the decedent were properly introduced in evidence. (*Vosburgh* v. *Thayer,* 2 Johns. 461 ; *Van Name* v. *Barber,* 115 App. Div. 593 ; *Atwood* v. *Barney,* 80 Hun, 1 ; *Brooks* v. *Steen,* 6 Hun, 516 ; *McGuire* v. *H. F. Ins. Co.,* 7 App. Div. 575.)

Hiscock, J. This action was brought to recover for professional services as a physician claimed to have been rendered for the appellant by the respondent's intestate. The account for which recovery was had consisted of many items and extended over a period of several months. With the exception of some very slight oral testimony which it is claimed established one of the items of the account, the evidence upon which the recovery was based consisted wholly of entries in books of account claimed to have been kept by the deceased during the period covered by the claim involved, and the only questions necessary to consider on this appeal are those raised by exceptions taken to or in connection with the admission of this latter evidence.

The rules governing the admission of a party's books for the purpose of sustaining his claim in an action like this are stated as follows in *Vosburgh* v. *Thayer* (12 Johns. 461, 462) : " They ought not to be admitted where there are several charges, unless a foundation is first laid for their admission, by proving that the party had no clerk, that some of the articles charged have been delivered, that the books produced are the account books of the party, and that he keeps fair and honest

accounts, and this by those who have dealt and settled with him." And this rule in substance has been reaffirmed many times, and amongst others in the following cases : *Sickles* v. *Mather* (20 Wend. 72) ; *Beatty* v. *Clark* (44 Hun, 126) ; *Dooley* v. *Moan* (57 Hun, 535) ; *Foster* v. *Coleman* (1 E. D. Smith, 86) ; *Tomlinson* v. *Borst* (30 Barb. 42) ; *Van Name* v. *Barber* (115 App. Div. 593).

It is a very serious question amongst other things whether respondent sufficiently established the rendition of any of the items of services for which recovery has been had by evidence independent of the books. The identification of the appellant was unnecessarily meager and the evidence of his visit to the intestate on one occasion for the supposed purpose of receiving professional treatment left much to presumption. Since, however, we propose to reverse the judgment on other grounds and order a new trial on which these difficulties may be obviated, it is not necessary to decide these questions.

The error for which we decide to reverse the judgment appears from the face of the account, assuming it to have been admissible. Very many of the items for which recovery was allowed explicitly indicated that the services charged therein were rendered to a nephew of the appellant. There was no evidence of any express authority to charge such services to the appellant and no proof of any circumstances which without express authority warranted such a charge, and it was, therefore, clearly error to permit the account to be received in evidence for the purpose of establishing those items. Very possibly this error could be corrected by a reduction of the judgment by the amount of the items in question, but in view of the very unsatisfactory condition of the evidence on other points we have deemed it wise to reverse the judgment absolutely without any option in favor of a modification.

The judgment should be reversed and a new trial granted, with costs to abide event.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Judgment reversed, etc.