#### (Surrogate's Court, St. Lawrence County.   April, 1911.)

1. WITNESSES (§ 165\*)—COMPETENCY—TRANSACTIONS WITH DECEDENT—BOOKS OF ACCOUNT.

    Where upon the hearing of a rejected claim for services rendered and medicines furnished to decedent by the claimant as a physician the correctness of the claimant's account book was proved by the testimony of third persons who had settled with him from the book during the period covered by the claim in question, the book itself is not incompetent evidence to prove the claim under Code Civ. Proc. § 829, forbidding a party or person interested in the event to testify at the hearing on the merits of a special proceeding against the personal representative of the decedent as to personal transactions between the witness and the decedent, although the entries in the book were made by the claimant.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 687; Dec. Dig. § 165.\*]

2. EXECUTORS AND ADMINISTRATORS (§ 257\*)—CONTESTED CLAIMS—COSTS.

    Where a claim was entirely rejected by the administrator, who offered no evidence to show that the claim was not in every respect correct and reasonable, on allowance of the claim by the surrogate, claimant should be allowed costs in addition to his disbursements.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 920–922; Dec. Dig. § 257.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Judicial settlement of the account of Alva J. Runions as administrator of George B. Harper, deceased. On hearing of a contested claim for physician's services. Claim allowed.

Clarence S. Ferris, for claimant.

George A. Adams, for administrator.

HERRIMAN, S. This claim was presented to the administrator and entirely rejected by him, and now comes before me under the stipulation of the parties, as provided in section 1822 of the Code of Civil Procedure.

[1] The claim is for services rendered and medicines furnished to the decedent by the claimant as a physician, and amounts to $243.50. The rendering of the services was abundantly proved by the claimant's book of accounts, if such book was properly received in evidence. This book was produced by the claimant and identified by him as his book of accounts. He testified that he made the entries in it, and that he so made them at the time the transactions referred to occurred, and that he kept no clerk. He then proved by others that some of the services charged for were rendered, that some of the medicines charged for were delivered, that the amounts charged were reasonable, and that he kept correct books, the latter fact being shown by the testimony of several persons who had settled with him from the book during the period covered by the account in question, that their accounts upon the books were shown to them, and that they found them correct. The main objection now urged by counsel for the administrator is that the book was incompetent as evidence against the estate of the decedent by reason of the provisions of section 829 of the Code of Civil Procedure; and he cites Davis v. Seaman, 64 Hun, 572, 19 N. Y. Supp. 260, in support of his contention. In that case the only evidence that the claimant kept correct books was his own testimony, given under objection and exception. In short, the plaintiff merely produced his own record of his dealings with the decedent and then swore that the record was correct.

In the case at bar the correctness of the claimant's book of account was proved by the testimony of third persons. The book itself is not then incompetent evidence merely by reason of the fact that the entries in it were made by the claimant himself. Any other rule would render it impossible in the majority of cases to establish a claim against an estate, where the claim consists of many items of goods sold and services rendered.

[2] No good reason is shown for the entire rejection of this claim by the administrator; and, while each step in the proof of the claim was resisted by him, no evidence whatever was offered to show that the bill was not in every respect correct and reasonable. Under these circumstances, I think that an allowance should be made to the claimant of $25 costs in addition to his disbursements.

A decree may be drawn in accordance with the foregoing.

Decreed accordingly.