In the Matter of the Judicial Settlement of the Estate of FRED H. CLODGO, Deceased.

Surrogate's Court, Clinton County, February 18, 1928.

**Executors and administrators — claims against estate — claim is for goods sold and money loaned — books of account not properly admissible, in absence of preliminary proof — claimant could not, under Civil Practice Act, § 347, testify to delivery of goods — limitation of actions — claimant could not testify to payment — claim barred — claim was also barred by discharge of decedent in bankruptcy — mere payment on account after bankruptcy not revival of debt.**

The claimant's claim covers a period from November 12, 1913, to March 23, 1918, and includes goods sold and delivered from a retail general store and money loaned, less five dollars credited on August 12, 1922.  The claim as first presented was reduced upon the second hearing to include only such goods as claimant himself sold and delivered.  During the period in question claimant had clerks, two of whom were available but were not called to testify.

The shop books of claimant if properly established by preliminary proof, could not in any case be used to prove the alleged loan.

The testimony of claimant that he delivered the goods to the decedent and that the items charged to the decedent were correct, did not furnish a foundation for the admission of claimant's shop books since the evidence was inadmissible under section 347 of the Civil Practice Act.  No other evidence having been offered to lay a foundation for their admission, the books could not be admitted.

Since the claimant could not testify to the payment made by the decedent in 1922, which if proven might have tolled the statute as to a part of the claim, the entire claim is barred by the six-year Statute of Limitations.

The executor offered in evidence a certified copy of the order of discharge in bankruptcy of the decedent, rendered in the District Court of the United States

for the District of Vermont. This established a *prima facie* defense and the burden was then cast upon the claimant to show that his claim was not affected by the discharge. This he did not do and, therefore, it is held that the claim was discharged.

The contention by the defendant that a payment on account made after the discharge in bankruptcy revived the obligation of the decedent cannot be sustained for a simple payment by a discharged debtor without any agreement does not revive the obligation. Furthermore, the alleged payment was not established by competent evidence.

PROCEEDING on the judicial settlement of the account of the executor for the determination of a rejected claim against the estate.

*J. Edgar Downs*, for the claimant John J. O'Neill.

*Sidney E. Maders*, for the executor Henry H. Clodgo.

HARRINGTON, S. During the period covered by this claim, the claimant conducted a store in the village of Keeseville, N. Y. The claim presented covers a period from November 12, 1913, to March 23, 1918. The claim is for general merchandise in the sum of $289.31, and for money loaned in the sum of $306, less an alleged credit cash item of $5 on August 12, 1922, making the total net claim $590.31. Upon the first hearing in this matter the claim presented was substantially larger. Upon the second hearing the claim was reduced to include only those items of which the claimant had personal knowledge, that is, those items which claimant personally delivered to the decedent and personally charged to his account. The only evidence to support claimant's claim is his own testimony and his books of account. It appears from his own testimony that during the period of his claim, he had various clerks, two of whom still reside in the village of Keeseville, N. Y., and one of whom resides at Lake Placid, N. Y. No reason was given for their failure in being present to testify on behalf of claimant. It appears from claimant's testimony that the duty of these clerks was to sell goods for him either for cash or credit, and to make any necessary entries in regard to such sales. It also appears that during most of the period in question these clerks had general supervision of claimant's business, as he was engaged in other business activities and was away from his store much of the time.

Counsel for the executor urges that the claim is not a proper charge against the estate: *First*, because there is no competent evidence to support it; *second*, because the claim is barred by the Statute of Limitations; *third*, because the indebtedness has been discharged by reason of the fact that the decedent was adjudicated a bankrupt subsequent to the date of this claim.

In *Vosburgh* v. *Thayer* (12 Johns. 461, 462) the rule of evidence governing the admission of a party's books of account for the purpose of sustaining his claim was stated to be as follows: " They ought not to be admitted where there are several charges, unless a foundation is first laid for their admission, by proving that the party had no clerk, that some of the articles charged have been delivered, that the books produced are the account books of the party, and that he keeps fair and honest accounts, and this by those who have dealt and settled with him. Under these restrictions, from the necessity of the case, and the consideration that the party debited, is shown to have reposed confidence, by dealing with and being entrusted by the other party, they are évidence for the consideration of a jury."

Since the establishment of this rule of evidence as above mentioned, it has ever since been regarded as the law of this State. (*Smith* v. *Smith*, 163 N. Y. 168; *Swan* v. *Warner*, 197 id. 190.) Such rule of evidence, however, is subject to the exception that a party's books of account are not admissible in evidence for the purpose of establishing a claim for money loaned, because such transactions are not, in the usual course of business, matters of book account. (*Case* v. *Potter*, 8 Johns. 211, 212; *Vosburgh* v. *Thayer*, *supra*; *Smith* v. *Rentz*, 131 N. Y. 169, 176.) Under no circumstances, therefore, could claimant's books of account be received in evidence for the purpose of establishing his claim for money alleged to have been loaned by him to decedent.

In *Matter of McGoldrick* v. *Traphagen* (88 N. Y. 334, 338) the court defines the meaning of the word " clerk " with reference to its use in the rule of evidence above mentioned, as follows: " The points of the appellant's counsel do not distinctly claim that either of the respondent's book-keepers who had charge of the books alone was a clerk within the meaning of that term, and within the rule applicable to this species of evidence. Be that as it may, however, we think that the clerk intended was one who had something to do with and had knowledge generally of the business of his employer in reference to goods sold or work done, so that he could testify on that subject. It evidently means an employee whose duty it is to attend to the details of business and thus is able to prove an account, and not one who from his isolated position as a book-keeper, can have but little means of knowledge personally as to the transactions done, or information relating thereto, except what is mainly derived from others. The latter position was that occupied by the book-keepers of the respondent, and they were in no sense clerks within the meaning of the law, as to evidence of this character. The authorities are numerous which hold that

books containing entries made by those whose duty it was to make them in the usual course of business are competent evidence when other requisites are sufficiently established."

This construction of the meaning of the word "clerk" was approved in *Smith* v. *Smith* (*supra*) and in *Shmargon* v. *Rosenstein* (192 App. Div. 143, 146). I am satisfied from the evidence given by the claimant herein that the employees which he had during the period covered by his claim were "clerks" as such word has been defined as above mentioned. Presumably, claimant revised his claim to include only those items of which he had personal knowledge in order that his books of account might be received in evidence under the aforesaid shop-book rule of evidence. Here, however, the debtor is a deceased person. Claimant is barred by section 347 of the Civil Practice Act from testifying to any personal transaction or communication with the decedent. It was, therefore, improper for him to testify to the delivery by him to the decedent of the articles in question or that the items charged to the decedent were correct. (*Davis* v. *Seaman*, 64 Hun, 572; *Bellows* v. *Bender*, 87 Misc. 187, 191; *Russell* v. *Hitchcock*, 105 App. Div. 315.) The testimony of the claimant on these matters was received under objection properly made and decision reserved as to its competency. I am satisfied that such evidence was incompetent and the motion of counsel for the executor to strike out such testimony is granted.

Claimant offered no competent proof that some of the articles charged to the decedent had been delivered to him, nor was there any competent evidence that claimant kept fair and honest accounts. Consequently, the only competent proof offered by claimant for laying the foundation for the admission in evidence of his books of account was his own testimony that the books produced were his books of account. Claimant, therefore, failed in his proof of the preliminary requirements in order that his books of account might be received in evidence for the purpose of establishing his claim. For this reason, his books of account are not admissible in evidence for such purpose.

Is the claim barred by the Statute of Limitations? The claim covers a period from November 12, 1913, to March 23, 1918. The decedent died on October 9, 1925. The claimant testified to an alleged payment to him by the decedent of five dollars on August 12, 1922. If such testimony was competent, the entire claim would not be barred by the statute, but claim for a recovery could have been made for all articles sold and delivered to the decedent beginning at a period six years prior to the date of said alleged payment on August 12, 1922. (*Gilbert* v. *Comstock*, 93 N. Y. 484;

Surrogate's Court, Clinton County, February, 1928.        [Vol. 131

*Matter of Gardner*, 103 id. 533.)   We have already held, however, that claimant could not testify to any personal transaction or communication with the decedent.   His testimony with reference to such alleged payment on August 12, 1922, was, therefore, incompetent.   The result is that excluding such testimony as we must, the claim became due more than six years prior to the date of death of the decedent.   The claim is, therefore, barred by the Statute of Limitations, there being no evidence as to the length of absence of the decedent from the State of New York during the period covered by the claim.

Has this indebtedness been discharged by the adjudication in bankruptcy of the decedent subsequent to the date when said indebtedness became due?  Counsel for the executor offered in evidence a certified copy of the order of discharge in bankruptcy of the decedent, rendered by the District Court of the United States, District of Vermont, in and by which the decedent was discharged from all debts and claims against him which existed on January 27, 1920, except such as by law are excepted from the operation of a discharge in bankruptcy.   He also offered in evidence a certified copy of the schedule of unsecured creditors.   In this schedule appeared the correct name and address of the claimant, although the amount of the claim therein mentioned is smaller than that presented in this proceeding.   The executor testified that the bankrupt was the same person as the decedent.   No proof was offered by claimant that the bankrupt and the decedent were not one and the same person, nor was proof offered by the claimant that he did not receive notice of the bankruptcy proceeding.   Under the circumstances, I believe this court has jurisdiction to disallow the claim presented by claimant on the ground that it was duly discharged in bankruptcy.   (*Matter of Peterson*, 137 App. Div. 435.)   The reception in evidence of a certified copy of the order adjudicating that the decedent was a bankrupt established a *prima facie* defense to this claim, and the burden was then cast upon the claimant to show that because of the nature of the claim, failure to give notice or other statutory reason, the claim was by law excepted from the operation of the discharge.   (Bankruptcy Act, § 21, subd. f (30 U. S. Stat. at Large, 552; U. S. Code, tit. 11, § 44); *N. Y. Inst. for Instruction of Deaf & Dumb* v. *Crockett*, 117 App. Div. 269, 273; *Matter of Peterson, supra; Matter of Merchants Bank* v. *Miller*, 176 App. Div. 412, 415; affd., without opinion, 221 N. Y. 490; *Manheim* v. *Loewe*, 185 App. Div. 601.)   Claimant failed to offer any evidence to offset the *prima facie* case established by the executor against this claim.   It must, therefore, be held that this claim was discharged by reason of the adjudication in bankruptcy of the

decedent, subsequent to the date when the claim herein became due.

Counsel for claimant urges in his brief that even though this claim was discharged by reason of said bankruptcy proceedings, the same was revived by the payment on account of said indebtedness of five dollars on August 12, 1922. As already stated, no competent evidence was offered to establish this payment on account. Furthermore, even if proof of such alleged payment had been properly established, this alone would not have been sufficient to revive the entire indebtedness. A debt discharged in bankruptcy cannot be revived by a partial payment thereon, on the theory that such partial payment alone constitutes a promise to pay the residue of the indebtedness, as such promise cannot be inferred, but must be express. (*Lawrence* v. *Harrington*, 122 N. Y. 408, 413, 414; Pers. Prop. Law, § 31, subd. 5.) There is no competent evidence to warrant this court in holding that this indebtedness, discharged by reason of decedent's bankruptcy proceedings, was revived.

Claimant's claim is disallowed, without costs to either party. Prepare decree accordingly.