CORNELIA WHEELER, RESPONDENT, *v.* EDWARD W. SIMMONS, APPELLANT.

*Discharge in bankruptcy — a new promise to pay a debt will not be implied from a partial payment.*

A payment upon a note where the payment is made by the maker, subsequent to his discharge in bankruptcy, will not revive the debt existing prior to such discharge; the new promise which will have that effect must be express and distinct, and cannot be implied from partial payments.

APPEAL by the defendant, Edward W. Simmons, from a judgment entered in the clerk's office of Dutchess county, on the 31st day of October, 1890, in favor of plaintiff, after a trial before the court at the Dutchess Circuit, at which a verdict was rendered in favor of the plaintiff for $3,323.

*W. Farrington*, for the appellant.

*S. H. Brown* and *John Hackett*, for the respondent.

PRATT, J.:

This action was commenced July 5, 1890, upon a promissory note for $2,000, dated September 22, 1874.

The answer set up the statute of limitations and a discharge in bankruptcy, dated the 12th day of February, 1879, which discharged the defendant from all debts existing on the 4th of September, 1877.

Several payments had been made upon the note, from January 9, 1879, up to 1886. These payments were relied on to take the case out of the statute of limitations, and the court found as a fact that these having been made prior to the statute of this State (chap. 324), passed June 8, 1882, constituted a new promise, and, as matter of law, that the claim was not barred.

There is no evidence to sustain a new promise except the payments, and, therefore, the question is clearly raised whether a payment after a discharge in bankruptcy revives the debt.

This question has been recently passed upon by the Court of Appeals in the case of *Lawrence* v. *Harrington* (122 N. Y., 408), where it was held that a promise, by which a debt discharged in bankruptcy can be renewed, must be an express and distinct promise, and that such a promise cannot be implied from merely proof of partial payments.

The finding of fact in the present case has no evidence to support it except the payments.

It follows that the judgment must be reversed and a new trial granted, costs to abide the event.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide event.