Peter Graber and Gustav Volk, Appellants, *v.* James Gault and Abraham Krone, Impleaded with Others, Defendants.

Louis Meryash and Albert London, Respondents.

*Judgment against a debtor discharged in bankruptcy — a grantee of real property from the bankrupt may apply to have it vacated — what proof is required.*

A motion under section 1268 of the Code of Civil Procedure, for the discharge of record of a judgment rendered against a bankrupt, may be made, not only by the bankrupt himself, but by any person who has succeeded to the bankrupt's right, *e. g.*, a grantee of real estate formerly owned by the bankrupt and upon which the judgment is an apparent lien.

Ingraham, J., dissented.

Upon such a motion, it is incumbent upon the moving party, whether he be the bankrupt himself or a person claiming under him, to establish the facts making the discharge in bankruptcy operative upon the judgment, to wit, that the judgment was duly scheduled among the liabilities of the bankrupt or that the creditor had notice or actual knowledge of the proceedings in bankruptcy.

First Department, April, 1905.          [Vol. 108.

Appeal by the plaintiffs, Peter Graber and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of December, 1904, directing the clerk of the county of New York to cancel and discharge of record a judgment duly entered in the above-entitled action.

*Simon Sultan,* for the appellants.

*Edward W. S. Johnston,* for the respondents.

Hatch, J. :

This motion was made by Louis Meryash and Albert London. They are not parties to the action, but are the owners of certain real estate which was formerly owned by the defendant James Gault. The judgment entered against James Gault in the action appears of record to be a lien upon the real property now owned by Meryash and London. The said judgment was entered against the defendant Gault on the 12th day of January, 1897, and the moving affidavit shows that he was discharged in bankruptcy in the District Court of the United States for the southern district of New York, November 8, 1899, for all debts and claims provable by the acts of Congress which existed against his estate on September 22, 1899, save such debts as are excepted from the operation of such discharge. The moving parties further show that the judgment aforesaid was obtained upon a cause of action for a breach of contract, and that thereafter and upon the 15th day of January, 1901, the said James Gault purchased the real property upon which the said judgment now appears to be a lien. Upon the 22d day of January, 1901, James Gault deeded the real property to his son, John Gault, and subsequently, by various mesne conveyances, it has been conveyed to Louis Meryash and Albert London. James Gault died on the 3d day of March, 1901. The moving affidavit, however, fails to show that the judgment in question was scheduled in the bankruptcy proceeding.

Proof of the foregoing facts is made by the son, John H. Gault. The learned court at Special Term granted the application and directed that the judgment be canceled of record. It is claimed that the order is improper for the reason that the application can

only be made by the bankrupt himself. If this be correct, then it follows that no relief can be obtained as he is dead. Section 1268 of the Code of Civil Procedure provides for the discharge of a judgment obtained against a bankrupt. Its language, so far as presently important, reads: " At any time after one year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, * * * for an order, directing the judgment to be cancelled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order must be made directing said judgment be cancelled and discharged of record; * * *. Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy.". The section further provides that notice of the application, accompanied by copies of the papers upon which it is based, shall be served upon the judgment creditor or his attorney of record, and provides for service by publication in the event of the death of said attorney or of the non-residence of the creditor and his attorney, and for other reasons.

The purpose of this section was to provide for the discharge of a judgment which the bankrupt, by reason of his discharge in bankruptcy, becomes entitled to have removed from the records as an apparent lien. The intent of the section is in effect to provide a remedy for the removal of a cloud upon title to land. While the language of the section confers the right upon the bankrupt to move for the discharge, yet it is evident that the basis of the right is not personal, but is founded solely upon the discharge in bankruptcy. That is the instrument which creates the right to secure the discharge; and when the right secured thereby exists, I think the fair construction of the section is to confer upon any person, who has succeeded to the rights possessed by the bankrupt, authority to

move for the discharge of the judgment in the name of the bankrupt, or in his own name, in like manner as the bankrupt could had he continued to remain the owner of the property.

The right to the discharge of the judgment depends upon the existence of two facts which the discharge in bankruptcy does not establish: *First,* that the judgment is one upon which the discharge can operate ; and, *second,* that it was properly scheduled in the liabilities of the bankrupt, or that the creditor had actual notice or knowledge of the proceeding. And these facts exist, if at all, quite independent of the personality of the bankrupt, and their operative force does not depend upon his continued existence, nor do they confer a right exclusively personal to him. They apply whenever the facts exist to which the Code provision is applicable. While the provision of the Code of Civil Procedure makes such a judgment invalid as a lien, yet it is not made so to appear until the essential facts are shown to exist. As extrinsic facts are required to be established, the judgment, although invalid, presumptively appears to be a judgment capable of enforcement. The existence of such a condition creates a cloud upon the title and would authorize the maintenance of an action in equity for its removal upon an averment of the facts showing that it was invalid. (*Rumsey* v. *City of Buffalo,* 97 N. Y. 114; *Temple Grove Seminary* v. *Cramer,* 98 id. 121.) It is evident that the provisions of the Code of Civil Procedure are not self-enforcing and, before they can be given operative effect, the extrinsic facts must be established. Until this condition is made to appear, the invalidity of the judgment is not apparent, and nothing would stand in the way of its presumptive existence as a valid lien.

We are, therefore, of the opinion that the moving parties, being the owners of the real property, have standing to make this motion.

It is further contended that, if this construction obtain, yet it devolved upon the bankrupt to show that the discharge in bankruptcy operated as a discharge of the particular debt. It does not appear from the moving papers that the judgment sought to be discharged was scheduled in the liabilities of the bankrupt, nor does it appear that the creditor had notice or knowledge of the proceedings in bankruptcy. By the provisions of subdivision 3 of section 17 of the Bankruptcy Law (30 U. S. Stat. at Large, 550, as

amd. by 32 id. 798) it is provided that a debt which has not been duly scheduled in time for proof and allowance in the name of the creditor, if known to the bankrupt, is not affected by a discharge in bankruptcy, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. Subdivision f of section 21 of said statute (Id. 552) provides for the effect of a certified copy of an order for a discharge in bankruptcy. It is made evidence of the jurisdiction of the court, the regularity of the proceedings and of the fact that the order was made. It does not seem to extend to the establishment of the fact that the debt was scheduled or that the creditor had notice or actual knowledge of the proceedings in bankruptcy. If these facts do not appear, the creditor is exempted from the operative force of the discharge; and as these facts must appear in order to make it operative, the fair conclusion is that the burden of showing such facts is devolved upon the bankrupt; and if this burden was devolved upon him, then it must follow that those making claim under the discharge were required to establish the necessary facts to show that it operated upon the debt. Such was the express holding of the Supreme Court of Vermont in *Bailey* v. *Gleason* (56 Atl. Rep. 537), and by the Supreme Court of Michigan in *Wineman* v. *Fisher* (98 N. W. Rep. 404). Such also would seem to be the effect of the decision by the Court of Appeals in *Columbia Bank* v. *Birkett* (174 N. Y. 112). In that case it appeared that the creditor had no notice of the bankruptcy proceedings and the debt was not scheduled. The creditor did, however, have notice of the discharge, and, under subdivision n of section 57 of the Bankruptcy Law (30 U. S. Stat. at Large 561) had five months after such discovery in which it could have proved its claim, and, pursuant to the provisions of section 15 of said statute (Id. 550), could have applied for the revocation of the discharge. It was held, upon proof of these facts, that the discharge did not operate to relieve the bankrupt from liability for the debt. This holding necessarily imposed upon the bankrupt, in order to make the discharge operative, proof that the debt had been scheduled or that the creditor had notice or actual knowledge of the proceedings in bankruptcy, and as these facts were not made to appear, the discharge as to the particular debt was inoperative. Certainly a party claiming under the bankrupt cannot occupy any better position than the

bankrupt himself would occupy, and as the moving parties herein claim under the discharge they were required to make the same proof which the bankrupt would be required to make before he would be entitled to its benefits. This leads us to the conclusion that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to renew the same upon additional proof.

VAN BRUNT, P. J., O'BRIEN and LAUGHLIN, JJ., concurred.

INGRAHAM, J. (concurring):

I concur in the result. I think that under section 1268 of the Code of Civil Procedure an application to cancel the lien of a judgment based upon the discharge in bankruptcy of the judgment debtor must be made by the bankrupt. This section gives the bankrupt a personal right to have the lien of a judgment, which but for the discharge would be a lien upon real estate, canceled, and there is no authority to cancel such a lien except on application of the bankrupt. I do not think, however, that this judgment ever was a lien on the property described in the moving papers. The section provides that after his discharge a judgment against a bankrupt shall not be a lien on real property acquired by him subsequent to the discharge, and under this provision the judgment in question was not a lien upon the real property of the moving parties. If the judgment was not a lien there was nothing for the court to do as it could not discharge a lien which did not exist.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to renew on additional proof.