(56 Misc. Rep. 621.)

### MEYER v. BARTELS.

(Supreme Court, Appellate Term. December 20, 1907.)

1. BANKRUPTCY—RIGHTS OF BANKRU 'T—CONCLUSIVENESS AND EFFECT OF DISCHARGE.

A discharge in bankruptcy is an absolute bar to all demands that were provable in the proceedings, and the burden rests upon a party attacking it to show why it is not effectual.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 772.]

2. SAME—NEW PROMISE TO PAY DEBT DISCHARGED.

Under the direct provisions of Personal Property Law, Laws 1897, p. 510, c. 417, art. 2, § 21, a new promise to pay a debt discharged in bankruptcy must be in writing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 860.]

3. SAME—PARTIAL PAYMENT OF DISCHARGED DEBT.

A partial payment on a debt which has been discharged in bankruptcy is not sufficient to renew the original indebtedness or create a new obligation of the debtor to pay the balance due.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 854.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Diedrich A. Meyer against John Bartels. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Gustave Frey, for appellant.
Abraham J. Bernstein, for respondent.

McCALL, J. In 1902 the defendant was discharged in bankruptcy proceeding, the debt, the payment of which it is by this judgment sought to enforce, was created antecedent to that date, and the plaintiff concedes a discharge in bankruptcy. The trial proceeded upon the theory of a revival of the debt under a new promise and partial payment on account. The only evidence to support this contention upon the part of the plaintiff is shown in an alleged conversation with the defendant, which is said to have taken place in January of this year, and its purport was that plaintiff said he was hard up and would

like defendant to pay the debt—if not in full, then in part; that defendant gave plaintiff $1, saying: "I will pay you balance later. I am short myself, and you will have to wait." This was practically all the proof offered, and at the end of the plaintiff's proof defendant made a motion to dismiss, and attempted to state the grounds, when the court, interrupting, denied the motion. The defendant, being put to his proof, denied the asserted payment and promise to pay balance, and, with the evidence of a man named Koster, who, he says, was with plaintiff at the time of this visit to defendant and saw the latter hand him a bill, this constitutes the entire proof, and at its close the motion to dismiss was again made and again denied.

The discharge in bankruptcy was an absolute bar to all demands that were provable in the proceedings, and the burden rests upon the party attacking a discharge to show some cause why it is not effectual. Stevens v. King, 16 App. Div. 377, 44 N. Y. Supp. 893. On the theory of partial payment and new promise, the statute of frauds specifically provides that such promise must be in writing. See section 21, art. 2, Personal Property Law (Laws 1897, p. 510, c. 417; Birdseye's Code & General Laws [3d Ed.] p. 2634). And Wheeler v. Simmons, 60 Hun, 404, 15 N. Y. Supp. 462, demonstrates that partial payment on account of a debt which has been discharged in bankruptcy is not sufficient to renew the original indebtedness or create a new obligation on the part of a debtor to pay the balance due. The motion to dismiss should, therefore, have been granted, and the judgment obtained must be reversed; and inasmuch as, from the conclusion we have reached and upon which our reversal is based, it would be useless to have another trial, the complaint is dismissed, with costs.

Judgment reversed, and complaint dismissed, with costs. All concur.