In re PETERSON.

(Supreme Court, Appellate Division, Fourth Department.   March 9, 1910.)

1. EXECUTORS AND ADMINISTRATORS (§ 250*) — PROBATE PROCEEDINGS — JURISDICTION—DISCHARGE IN BANKRUPTCY.

A Surrogate Court on final settlement of an estate is not acting outside of its jurisdiction by giving effect to a judgment against intestate rendered in a state court, and then holding such judgment barred by a discharge of intestate in bankruptcy.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 893–895; Dec. Dig. § 250.*]

2. BANKRUPTCY (§ 436*)—DISCHARGE—EXCEPTIONS—BURDEN OF PROOF.

A discharge in bankruptcy excepted any debts by law excepted from the operation of a discharge from bankruptcy.   Bankr. Act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) § 17, subd. 3, provides that a debt is not discharged which was not scheduled in time for proof and allowance in the name of the creditor, etc.   Section 21, subd. "f," provides that the discharge should be evidence of the jurisdiction of the court, the regularity of the proceedings, and the fact that the order was made.   On final settlement of the estate of the person discharged in bankruptcy, the court held a judgment in the state court, which was a provable claim in bankruptcy, discharged by the discharge in bankruptcy.   No proof was given on either side.   Held, that the action of the court was proper, since, under section 21, the presumption was that the debt was properly scheduled, and the burden of proof was on claimant to show that the judgment was within the exception.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 840; Dec. Dig. § 436.*]

3. BANKRUPTCY (§ 436*)—DISCHARGE—EFFECT OF STATE STATUTE.

On final settlement of an estate of a person discharged in bankruptcy, the action of the surrogate in holding that certain judgments rendered against the bankrupt were discharged by the discharge in bankruptcy cannot be assailed by showing that the judgments were not discharged on the records in the state court on application, as provided by Code Civ. Proc. § 1268, since such section is only to remove a cloud from the record, and has no effect on the validity of the discharge.

[Ed. Note.—For other cases, see Bankruptcy; Dec. Dig. § 436.*]

Appeal from Surrogate's Court, Cattaraugus County.

Proceedings to settle the estate of William P. Peterson.   From a decree disallowing claims of certain creditors, they appeal.   Affirmed.

See, also, 64 Misc. Rep. 217, 118 N. Y. Supp. 1077.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Henry Donnelly and Fred L. Eaton, for appellants.
Creighton S. Andrews, for respondent.

WILLIAMS, J.   The decree should be affirmed, with costs.

The appellants during the lifetime of the intestate recovered judgments against him.   Thereafter he went into bankruptcy, and received his discharge in the ordinary form.   The judgments were upon claims of a nature dischargeable in bankruptcy, and were never paid. Upon the final accounting these judgments were presented, were disputed, and were disallowed upon the sole ground that by the discharge

in bankruptcy they were no longer enforceable against the intestate or his estate. Two points are made upon this appeal: (1) That the surrogate had no jurisdiction to determine whether the judgments were really discharged in bankruptcy. (2) There was no proof upon which the surrogate could properly find they were so discharged.

First. I think there is no trouble about the jurisdiction of the surrogate if he merely did what he claims to have done; that is, enforced the judgments of two courts having jurisdiction, respectively, to render them. The state courts rendered the judgments in favor of the creditors upon their claims. Full effect was given to such judgments. The United States court in proceedings in bankruptcy discharged the judgments, and released the intestate from all liability thereon during his lifetime. Full effect was given to this determination also. The surrogate claims to have done this and nothing more, and makes this very pertinent illustration:

"Assume that, after the rendition of each of these judgments, an action had been brought upon them respectively in equity to set them aside, and such action had been prosecuted to final judgment, determining the invalidity of such judgments, would or could it be contended that the Surrogate's Court, upon final distribution of the funds of the estate, had no right or jurisdiction to observe the determination of such court of equity, and apply the same in making distribution?"

It is claimed the United States court had jurisdiction in the bankruptcy proceedings and had power to release the judgments as effectually as a court of equity would to set them aside in the manner above suggested.

Second. But the real difficulty is not one of jurisdiction in the surrogate to do what he assumed to do. It is claimed by appellants that he has given an effect to the determination of the United States court which he was not justified in doing, that he has held in the absence of extraneous proof that the discharge itself operated to release the intestate, and therefore his estate from all liability upon the judgments; while the respondent claims that, until some evidence was given by the appellants to limit the effect of the discharge, the respondent could rely upon that and needed to give no other proof.

The discharge recited that the intestate had been duly adjudged a bankrupt and appeared to have performed all the requirements of law in that behalf, and therefore ordered that he be forever discharged from all debts and claims which by the act were made provable against his estate, when the petition was filed, excepting such debts, if any, as were by law excepted from the operation of a discharge in bankruptcy. The controversy is over this exception. Was it necessary for the respondent to show that the judgments in question were not excepted, or was it the duty of the appellants to show the judgments were so excepted. No question is raised but that the judgments were claims in their nature provable under the act, and therefore would ordinarily be discharged, but subdivision 3, § 17, Bankr. Act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), provides that a debt is not discharged which was not scheduled in time for proof and allowance in the name of the creditor, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy, and

the question is whether the respondent should have proved these judgments were so scheduled, or that the creditors had such notice or knowledge, or whether if the appellants claimed exemptions of their judgments from discharge for the reason that they were not so scheduled, and they had no such notice or knowledge, the burden was upon them to give the proof before the surrogate as a foundation for their claims. No proof on that subject was given by either party, and the surrogate held the discharge operated to release the judgments, regardless of the exception clause therein. Subdivision "f," § 21, of the act, provides that the discharge shall be evidence of the jurisdiction of the court, the regularity of the proceedings, and the fact that the order was made. Under this provision, it would be presumed that the debts in question were scheduled properly, and that the appellants had notice of the bankruptcy proceedings. N. Y. Ins. for D. & D. v. Crockett, 117 App. Div. 269, 273, 102 N. Y. Supp. 412. This should be so when the discharge recites that the petitioner had performed all the requirements of law which includes the proper scheduling of the debts, and subdivision 4, § 39, of the act, makes it the duty of the referee to serve all notices, which duty it will be presumed he performed. Barber v. Winslow, 12 Wend. 102, Jenks v. Stebbins, 11 Johns. 224, and Devlin v. Cooper, 84 N. Y. 410–417, are old cases holding these same principles. See, also, Bosworth v. Van De Walker, 53 N. Y. 597–600; Smith v. Reid, 134 N. Y. 568–571, 31 N. E. 1082; Col. Bank v. Birkett, 174 N. Y. 112–120, 66 N. E. 652, 653, 102 Am. St Rep. 478, dissenting opinion, Vann, J.; Stevens v. King, 16 App. Div. 377, 44 N. Y. Supp. 893; Meyer v. Bartels, 56 Misc. Rep. 621, 622, 107 N. Y. Supp. 778.

In Bank v. Birkett (above) Vann, J., said in his dissenting opinion:
"A discharge in bankruptcy is presumptive evidence that every possible debt contracted prior to the date, when the petition was filed is discharged thereby. * * * In order to defeat the discharge not only duly pleaded and proved by the defendant, but found by the court, the burden was upon the plaintiff to establish by sufficient evidence and an appropriate finding that its claim was one of those excepted from the effect of a discharge. This was the rule under prior bankrupt acts, which excepted certain debts from the operation of a discharge, and there is no reason why it should not be applied to the one now in force—(citing a large number of cases)."

This principle was not controverted in the prevailing opinion. The decision was not placed upon the effect of the discharge as evidence, nor the question of the burden of proof as to the debts alleged to have been excepted. The facts were all proven, and the question was whether in view of those facts the debt was discharged. The court held that it was not properly scheduled, was scheduled to a person other than the real creditor, and therefore was not discharged. Graber v. Gault, 103 App. Div. 511, 93 N. Y. Supp. 76, is much relied upon by the appellants as holding that the burden of proof was upon the respondents, instead of the appellants. That was a motion under section 1268 of the Code of Civil Procedure for the discharge of record of a judgment against a bankrupt, and the court on appeal held the motion was improperly granted by the court below because the moving party did not show by evidence outside the discharge that the

debt was not one excepted, in that it was duly scheduled, and the creditor had notice or actual knowledge of the bankruptcy. I do not think that a well-considered decision. None of the cases holding a contrary doctrine were called to the attention of the court. No case in this state was cited as authority for the rule except Col. Bank v. Birkett, above, which, as I have said, did not pass upon any such question, and, moreover, precisely the contrary doctrine was expressly stated in the same Appellate Division in the subsequent case of N. Y. Ins. for D. & D. v. Crockett, above. I quote the language as follows:

"The United States District Court is a court of record, and, on proof of the order discharging the bankrupt, the presumption would arise that the court obtained jurisdiction, and that proceedings were had in conformity to law; but we are not required to rest on this presumption, for a certified copy of the order granting the discharge was presented on the motion, and by virtue of the provisions of subdivision "f" of section 21 of the bankruptcy act that is declared to be evidence of the jurisdiction of the court, the regularity of the proceedings, and of the fact that the order was made. It must therefore be presumed that the plaintiff had notice of the bankruptcy proceedings, and that its judgment * * * was scheduled as one of the debts from which he would seek a discharge."

And this was a unanimous decision of the court. A certified copy of the order for a discharge was presented to the Surrogate's Court in this case.

I have no hesitancy in holding that the surrogate properly held the judgments were discharged. If the appellants claimed their debts were excepted because not properly scheduled, and they had no notice or knowledge of the bankruptcy proceedings, they had the burden of showing the facts upon which their claim rested, and very likely, if a controversy arose on these facts, the surrogate would have had no jurisdiction to determine whether the judgments were discharged.

Third. The claim that it should have been shown that the judgments were discharged on application to the state courts pursuant to section 1268 of the Code of Civil Procedure is not well made. The effect of an order on such a proceeding is not to discharge the judgment, for that is already accomplished by the order in the bankruptcy proceedings. Its object is to remove a cloud from the record, and procure the cancellation of the judgment on the record. Pickert v. Eaton, 81 App. Div. 423, 81 N. Y. Supp. 50; Graber v. Gault, above.

The decree should be affirmed.

Decree affirmed, with costs. All concur.