## LARSEN v. HYMAN.

(Supreme Court, Appellate Term.   December 8, 1910.)

BANKRUPTCY (§ 414*)—DISCHARGE IN BANKRUPTCY—CLAIMS ENFORCEABLE—
BURDEN OF PROOF.

A creditor of one discharged in bankruptcy has, to avoid the discharge,
the burden of proving his claim, which was provable, was within Bankr.
Act July 1, 1898, c. 541, § 17, subd. 3, 30 Stat. 550 (U. S. Comp. St. 1901,
p. 3428), providing that a debt is not discharged which was not duly
scheduled in time for proof and allowance.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 414.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Andrew Larsen against Joseph Hyman.  From a judgment
for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Isaac Hyman, for appellant.
Bernard Cowen, for respondent.

PLATZEK, J.  That the defendant purchased goods from the plaintiff, for which he incurred an indebtedness of $100, which remains
unpaid, is unquestioned on this appeal.

A discharge in bankruptcy and the knowledge of plaintiff of pending bankruptcy proceedings, is pleaded as a defense.  The certificate
of the discharge of the defendant in bankruptcy is in evidence.  The
schedules in these proceedings were not produced by either party on
the trial.  No proof whatever was adduced by either party as to
whether the plaintiff's debt was or was not set out and included in
the schedules.  That the plaintiff's demand was provable under the
bankruptcy act is not disputed.  The question is: Upon whom rested
the burden of proof to show that the claim of the plaintiff was not
included in the schedules, and that his demand came within the exceptions provided for in section 17, subd. 3, of the bankruptcy act of
1898 (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901,
p. 3428]), which provides that a debt is not discharged which was
not duly scheduled in time for proof and allowance, with the name of
the creditor, if known to the bankrupt?

The certificate of discharge, in itself, is evidence of the jurisdiction
of the court, the regularity of the proceedings, and of the fact that
the order discharging the bankrupt was duly made; and it must therefore be presumed that the debt was scheduled and that the creditor
had notice of the bankruptcy proceedings.  In order to defeat the discharge pleaded and proved by the defendant, the burden was imposed upon the plaintiff to establish by sufficient evidence that his
claim was one of those excepted from the effect of the discharge.
New York Inst. for Instruction of Deaf & Dumb v. Crockett, 117
App. Div. 269–273, 102 N. Y. Supp. 412; Matter of Peterson, 137
App. Div. 435–439, 121 N. Y. Supp. 738.  The plaintiff's contention that his claim was excepted, pursuant to the provisions of the

bankruptcy act, because it was not scheduled, in consequence of which he had neither notice nor knowledge of the bankruptcy proceedings, is not sustained by the burden of proof cast upon him, and the judgment appealed from must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.