In the Matter of THE MERCHANTS BANK OF BROOKLYN, Appellant, *v.* PHILIP F. MILLER, Respondent.

Second Department, January 19, 1917.

**Bankruptcy — schedule of claims against bankrupt — failure to state residence of bank bearing name of city.**

The claim of a judgment creditor is duly and sufficiently scheduled, so as to discharge the same on the bankruptcy of the judgment debtor, where the creditor was stated to be the " Merchants Bank of Brooklyn," although there is no entry whatever stating the residence of said bank, if there was only one bank of that name in said city.

Under the circumstances the purpose of scheduling the claim was fulfilled in that it informed the court as to persons entitled to notice; it informed the trustee as to the claim against the estate, and limited the effect of the bankrupt's discharge to the parties of the proceeding.

APPEAL by the plaintiff, The Merchants Bank of Brooklyn, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 3d day of November, 1916.

In 1900 the Merchants Bank of Brooklyn obtained a judgment of the Supreme Court against this defendant.   Later, the Merchants Bank of Brooklyn was merged in the Union Bank. When the latter bank was in liquidation by the State Superintendent of Banks, the attorney for that officer instituted, in 1916, supplementary proceedings against this defendant. Thereupon he was notified that the defendant " claimed " a discharge of the debt by a discharge in bankruptcy granted to him in 1902; and subsequently the defendant, upon motion at Special Term, obtained an order to the county clerk to mark the judgment canceled and discharged.   This appeal is from that order.

The defendant moved upon the following papers: His own affidavit; the certificate of discharge by the Bankruptcy Court in 1902, and an affidavit by an attorney who had examined the bankruptcy proceedings.   The latter affiant deposed that the record certified to that court by the referee in bankruptcy in charge of the proceedings showed that notices of the first meeting of creditors had been mailed to each creditor mentioned in the schedules, and showed a minute of the first meeting of creditors whereat a trustee had been appointed.   The same affiant deposed that the records showed an affidavit of publication of said notice, an affidavit of publication of a notice to creditors of an application for discharge by the bankrupt, and also that the proceedings appeared to be regular throughout.

In opposition, it was contended that the claim was not duly scheduled, in that in the column of the proper schedule headed " Residence (if unknown) that fact must be stated," no entry appeared opposite the name of the " Holder," which was stated in the proper and preceding column as " Merchants Bank of Brooklyn."   There was an affidavit from the attorney of the Superintendent of Banks in respect to the said liquidation, that his first notice or intimation of the bankruptcy proceedings came after he had instituted the supplementary proceedings. And there was an affidavit from the special deputy superintendent of banks in charge of the liquidation that his examination of the records of the Merchants Bank " in my possession, relating to the account and the judgment received (*sic*) against "

the defendant, fails to show any "record therein .that notice of any bankruptcy proceedings was received by the said bank."

*Joseph G. Deane*, for the appellant.

*Louis J. Halbert*, for the respondent.

Jenks, P. J.:

"Obviously, what is and what is not 'due scheduling,' must depend largely upon the facts of each case." (Remington Bankruptcy [2d ed.], § 2762.) We think that the scheduling of this creditor as the "Merchants Bank of Brooklyn," without further statement as to its address, was sufficient. Collier on Bankruptcy (9th ed. p. 234) says the purpose of the schedule is threefold: "(a) to give the court information as to the persons entitled to notice, (b) to inform the trustee as to the claims against the estate and the considerations on which they rest, and (c) to an extent at least, to limit the effect of the bankrupt's discharge to parties to the proceeding."

It does not appear that there was any other Merchants Bank of Brooklyn. And presumably there was not, because there would thereby be a violation of the statute. (Gen. Corp. Law [Gen. Laws, chap. 35; Laws of 1892, chap. 687], § 6, as amd. by Laws of 1900, chap. 704, and Laws of 1902, chap. 9; since amd. and re-enacted by Gen. Corp. Law [Consol. Laws, chap. 23; Laws of 1909, chap. 28], § 6; as since amd.) The bankruptcy proceedings were had in a court whose district embraced "Brooklyn." And "Brooklyn" was the proper post office address of any resident of that place, although Brooklyn was a borough of the city of New York. There could be no ambiguity either as to the entity thus described or as to the entity thus addressed. Would any one seriously think that a notice mailed in the post office in Brooklyn by a referee in bankruptcy of that court and addressed "Merchants Bank of Brooklyn, Brooklyn," (or even without the further addition of "Brooklyn"), would fail of transmission for a defective address? Very little probative force can be found in the affidavits in opposition. The judgment was recovered in 1900. The discharge in bankruptcy was given in 1902. The exact dates of the merger of the bank with the Union

Bank, or of the liquidation of the Union Bank, do not appear. But it must have been after the lapse of many years, for the deputy superintendent of banks in charge of the liquidation deposes that he was not appointed until November, 1915. The affidavits indicate that no search was made for the existence of any notice or record of any notice of the bankruptcy until after June, 1916. We are not informed as to what papers or records were preserved after the merger and after the bank had ceased to be a going concern throughout these many years. Neither the notice nor a record thereof was in itself evidence of any value, such as would naturally be preserved. And the burden was upon the creditor and upon those who stood in its shoes. (*Matter of Peterson*, 137 App. Div. 435; *Stevens* v. *King*, 16 id. 377.) *Graber* v. *Gault* (103 App. Div. 511), cited by the appellant, is considered and discussed by the court in *Peterson's Case* (*supra*), and, for the reasons stated therein, need not be considered as authority in the case at bar.

I advise affirmance of the order, with $10 costs and disbursements.

THOMAS, MILLS and PUTNAM, JJ., concurred; CARR, J., not voting.

Order affirmed, with ten dollars costs and disbursements.