JACOB MANHEIM and LOUIS MANHEIM, Appellants, *v.* JACQUES LOEWE, Respondent, Impleaded with ANNA ALTSCHULER, Defendant.

First Department, December 20, 1918.

Bankruptcy — provability of claim by indorsers against prior bankrupt indorser — action by subsequent indorsers against prior indorser — burden of proof to show that debts were duly scheduled and that plaintiffs had no notice of bankruptcy proceedings.

Where promissory notes were protested within a year subsequent to the filing of a petition in bankruptcy by an indorser, when said indorser's liability became fixed, the claim of subsequent indorsers against him could and should have been proved in the bankruptcy proceedings, although the subsequent indorsers did not pay the obligation until after the filing of the petition or even until after the discharge of the bankrupt. In an action by the subsequent indorsers against the prior bankrupt indorser, in which the defendant introduced in evidence a certified copy

of the final order of his discharge in bankruptcy, the burden of proof was upon the plaintiffs to show that the debts were not duly scheduled, and that they had no notice of the bankruptcy proceedings.

LAUGHLIN, J., dissented, with memorandum.

APPEAL by the plaintiffs, Jacob Manheim and another, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of New York on the 21st day of June, 1917, upon the decision of the court after a trial before the court, a jury having been waived.

*Jacob Manheim,* for the appellants.

*Edward Cahn,* for the respondent.

DOWLING, J.:

This action was brought to recover on two promissory notes for $500 each, one dated April 23, 1908, and the other dated May 4, 1908, each being payable in four months after date. The notes were made by Felicia Schapiro to her own order, indorsed by the respondent, Loewe, and subsequently by the plaintiffs. The notes thereafter were cashed by the Bowery Bank of New York. When the notes became due they were duly presented for payment, payment was refused, both notes were protested on the 24th of August and the 4th of September, 1908, respectively, and they were subsequently paid by the plaintiffs though the dates of such payments do not appear. These allegations of the complaint were conceded. The defendant Loewe rested after introducing in evidence a certified copy of the final order of his discharge in bankruptcy, wherein it appears that he filed a petition in bankruptcy August 5, 1908, and was duly discharged May 25, 1912.

There are two questions in the case: (1) Whether the plaintiffs' claims against the defendant on the notes as a prior indorser thereon were provable in the bankruptcy proceedings; and (2) assuming they were so provable, was the burden of proof upon the plaintiffs to show that the debts were not duly scheduled and that they had no notice of the bankruptcy proceedings.

In regard to the first question, it has been held that " Where

the liability of an indorser becomes fixed after his petition is filed, and prior to the expiration of the time for proof of claims it is provable as a debt." (Collier Bankruptcy [11th ed.], 963; citing among other cases *Moch* v. *Market Street National Bank*, 107 Fed. Rep. 897; *Matter of Smith*, 146 id. 923.) Or, as said in Corpus Juris (Vol. 7, p. 399): " A bankrupt's liability to reimburse a surety or an indorser who has been compelled to pay his debt is released, if the liability became fixed at such time that the surety or indorser might have proved his claim in the bankruptcy proceedings, but not otherwise."

The courts arrive at this conclusion by an interpretation of section 63, subdivision a, of the Bankruptcy Law, which, so far as is pertinent to this case, reads as follows: " Debts which may be Proved.— a Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, * * *; (4) founded upon an open account, or upon a contract express or implied." (30 U. S. Stat. at Large, 562, 563, § 63, subd. a, cls. 1, 4.)

In the case of *Moch* v. *Market Street National Bank* (*supra*) the court first called attention to the definition of the word " debt " in section 1 of the Bankruptcy Law, which is as follows: " ' Debt ' shall include any debt, demand, or claim provable in bankruptcy." (30 U. S. Stat. at Large, 544, § 1, subd. 11.) And then (at p. 898), among other things, says: " If it can be affirmed that such an unmatured liability is not a ' debt ' in a technical sense, certainly it is a ' demand ' or ' claim,' and comes, it seems to us, within the scope of the fourth subdivision of section 63 of the act." It then holds that subdivision 1 and subdivision 4 are distinct, and that under subdivision 4 it is not necessary that the liability be fixed at the time of the filing of the petition. In *Matter of Smith* (*supra*) the court (at pp. 925, 926) says: " It has been argued that the only reasonable construction which can be given to subdivision 4 of section 63 is that it refers to claims upon which a right of action has accrued at the time of the filing of the petition, and that to construe it as permitting proof of contingent claims is to make subdivision 1 superfluous and useless.

It is to be observed, however, that the claims here in question, when proved, were no longer contingent; they had become present liabilities through the fact of non-payment and protest. There is no necessary inconsistency between a class which includes and provides for liabilities absolutely owing at the time of filing the petition, whether then payable or not, and a class of liabilities which includes debts which mature after the time of filing the petition. It does not follow, because contingent liabilities are excluded from the first group of the classification, that liabilities founded upon express contracts, and which are no longer contingent at the date of proof of such liabilities, are not included within subdivision 4. It does not involve logical inconsistency to hold that subdivision 4 comprehends claims which are expressly excluded from subdivision 1, or even to hold that subdivision 4 includes claims contained within subdivision 1, as well as many others. A series of broadening classes is not unusual, and inclusion of a smaller class in a broader class is not inconsistency."

Since, therefore, the notes were protested within a year subsequent to the filing of the petition in bankruptcy, when the defendant's liability became fixed, the plaintiffs' claim against the defendant could and should have been proved in the bankruptcy proceedings.

The fact that the indorser did not pay the obligation until after the filing of the petition or even until after the discharge of the defendant would in no wise seem to change the rule above laid down. (See *Smith* v. *Wheeler*, 55 App. Div. 170; *Williams* v. *U. S. Fidelity Co.*, 236 U. S. 549.) In the latter case the court (at pp. 555, 556, 557) says: " Section 57-i.* ' Whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part he shall be subrogated to that extent to the rights of the creditor.' General Order XXI-4. ' The claims of persons contingently liable for the bankrupt may be proved in the name of the creditor when known by the party contingently liable.'

---

* 30 U. S. Stat. at Large, 560, § 57, subd. i.— [REP.

* * * And as the surety thus either shares or enjoys an opportunity to share in the principal's estate, we think the discharge of the latter acquits the obligation between them incident to the relationship [citing cases].

" It would be contrary to the basal spirit of the Bankrupt Law to permit a surety, by simply postponing compliance with his own promise in respect of a liability until after bankruptcy, to preserve a right of recovery over against his principal, notwithstanding the discharge would have extinguished this if the surety had promptly performed as he agreed. Such an interpretation would effectually defeat a fundamental purpose of the enactment."

The result, therefore, would seem to be that under the circumstances of this case the notes in suit could have been proved in the bankruptcy proceedings pleaded by the defendant.

We, therefore, come to the second question, that is, the effect of offering in evidence a certified copy of the discharge in bankruptcy. Section 17 of the Bankruptcy Act, so far as relevant herein, reads as follows: " Debts not affected by a Discharge.— a A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." (30 U. S. Stat. at Large, 550, § 17, as amd. by 32 id. 798, § 5.)*

The court in *Kreitlein* v. *Ferger* (238 U. S. 21, 26) say: " Under the provisions of § 30 of the Bankruptcy Act† this court has prescribed the form [59] of the ' Order of Discharge,' which, among other things, contains a recital that the bankrupt has been discharged from all provable debts existing at the date of the filing of the petition, ' excepting such as are by law excepted from the operation of a discharge in bankruptcy.' "

Section 21, subdivision f, of the Bankruptcy Law provides: " A certified copy of an order * * * granting * * * a discharge * * * shall be evidence of the jurisdiction of

---

* Since amd. by 39 U. S. Stat. at Large, 999, chap. 153.— [REP.

† 30 U. S. Stat. at Large, 554, § 30.— [REP.

the court, the regularity of the proceedings, and of the fact that the order was made." (30 U. S. Stat. at Large, 552, § 21, subd. f.)

In *Graber* v. *Gault* (103 App. Div. 511) the court in commenting on subdivision f of section 21 (*supra*), among other things said (p. 515): " It [referring to the effect of the order] does not seem to extend to the establishment of the fact that the debt was scheduled or that the creditor had notice or actual knowledge of the proceedings in bankruptcy. If these facts do not appear, the creditor is exempted from the operative force of the discharge; and as these facts must appear in order to make it operative, the fair conclusion is that the burden of showing such facts is devolved upon the bankrupt; and if this burden was devolved upon him, then it must follow that those making claim under the discharge were required to establish the necessary facts to show that it operated upon the debt."

In *Matter of Peterson* (137 App. Div. 435) the court (at p. 438) said in regard to subdivision f of section 21: " Under this provision it would be presumed that the debts in question were scheduled properly, and that the appellants had notice of the bankruptcy proceedings. (*New York Inst. for Instruction of D. & D.* v. *Crockett,* 117 App. Div. 269, 273.) " This case expressly disapproves of *Graber* v. *Gault,* and termed it not " a well-considered decision " (at p. 439). *Matter of Peterson* was cited with approval in *Matter of Merchants Bank* v. *Miller* (176 App. Div. 412, 415), the court expressly refusing to follow *Graber* v. *Gault* (*supra*). The *Merchants Bank* case was affirmed in the Court of Appeals without opinion (221 N. Y. 490). In *Kreitlein* v. *Ferger* (*supra*) the court (at pp. 26, 27) says: " There are only a few cases dealing with the subject, but they almost uniformly hold that where the bankrupt is sued on a debt existing at the time of filing the petition, the introduction of the order makes out a *prima facie* defense, the burden being then cast upon the plaintiff to show that, because of the nature of the claim, failure to give notice or other statutory reason, the debt sued on was by law excepted from the operation of the discharge " (citing among other cases *Tompkins* v. *Williams,* 206 N. Y. 744, affg. the opinion in 137 App. Div. 521). " There were some decisions

to the contrary under the Act of 1841.* Among them was *Sorden* v. *Gatewood,* 1 Indiana, 107, which held that when the bankrupt was sued on a valid claim he was obliged to show that the plaintiff's debt was among those which had in law and in fact been discharged. It was probably because of this decision of the State court that the defendant Kreitlein felt compelled to offer the schedule in order to show that Ferger was one of the creditors listed in the bankruptcy proceedings. The issue now is whether the *prima facie* defense made out by the production of the certified copy of the order was disproved by the introduction of the bankruptcy record."

It is to be noted that in the opinion in *Hyde Park Flint Bottle Co.* v. *Miller* (179 App. Div. 73), decided by this court (July, 1917), the following statement appears: " The burden of proof rests upon the defendants to show that the judgment was discharged. One element necessary to prove this fact is that it was duly scheduled. This they failed to do." But this statement as to the burden of proof is inconsistent with the law as laid down in *Kreitlein* v. *Ferger* (*supra*) which was not then called to the attention of this court, and the other New York case which is controlling and which holds to the contrary and places the burden of proof upon the creditors (the plaintiffs) to show that their claim was not properly scheduled and they did not have notice of the bankruptcy proceedings.

The cases cited (*supra*) which hold that the burden of proof is on the creditor are cases where the obligation has become a fixed liability prior to the filing of the petition and not fixed as in this case, subsequent to the filing of the petition, but within one year from that date. The discharge reads as follows: " * * * It is therefore ordered by this Court that said Jacques Loewe be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 5th day of August, A. D. 1908, on which day the petition for adjudication was filed by him, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

The same reasoning, of course, should be applied in an

---

* See 5 U. S. Stat. at Large, 440, chap. 9.— [REP.

First Department, December, 1918.            [Vol. 185.

interpretation of this order as was applied in the construction of section 63, subdivision a, clause 4, which resulted in the holding that it was not necessary that the obligation be a fixed liability at the time of the filing of the petition.   There is nothing in the order which shows that the debt or claim must have been a fixed liability on August fifth and the words " which are made provable by said acts against his estate " show the intention to discharge any claims which may have been proven in the bankruptcy proceedings regardless of the date when the liability became fixed.   Moreover, there can be little doubt that while the defendant's obligation on the note may not be a debt in a technical sense it is a claim which existed on August 5, 1908, and it would seem that such interpretation is the only one that can be made consistent with the holding that this claim could have been proven in the bankruptcy proceedings.

The judgment appealed from should be affirmed, with costs.

CLARKE, P. J., PAGE and MERRELL, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

I am of the opinion that the presumption that debts have been duly scheduled by the bankrupt should be limited to debts and obligations which had accrued at the time the schedules were prepared, and should not be extended to contingent liabilities on contract, the dischargeability of which depends upon whether they became fixed debts in time to be allowed in the bankruptcy proceeding.   With respect to such contingent liability, I think the burden of proving that they were duly scheduled should rest on the bankrupt.

I, therefore, dissent.

Judgment affirmed, with costs.