WILLIAM W. NILES, Respondent, v. EDWIN B. HAVENS, Appellant, Impleaded with CHARLES S. HAVENS, Doing Business as E. B. HAVENS & COMPANY, Defendant.

First Department, November 18, 1921.

Conversion — acts not constituting conversion — action against stockbroker for conversion of stock carried on margin — stock sold after possession had been taken by assignee for benefit of creditors — subsequent discharge of appellant in bankruptcy — claim against appellant not in conversion but on contract — complaint should have been dismissed on proof of discharge in bankruptcy — trial — failure to object to exhibit offered on trial as not being proper proof of discharge in bankruptcy bars consideration on appeal.

In an action for the conversion of certain stock of the plaintiff carried by the appellant's firm on margin, it appeared that the stock was purchased on March 26, 1907; that on May 24, 1907, the appellant's firm failed and made a general assignment for the benefit of creditors and on the same day a creditor's petition in bankruptcy was filed against the appellant, after which time neither the appellant nor any person connected with the firm had anything to do with the firm's assets nor had they any stock belonging to it in their possession; that the appellant never saw plaintiff's stock or disposed of it or received the proceeds thereof; and that whatever became of the stock it happened after the assignee for the benefit of creditors had taken possession of the assets of the appellant's firm.

*Held*, that there is no evidence of any conversion of the stock in question by the appellant and the claim which the plaintiff had against the appellant arising from the sale of stock carried by his firm was not excepted from the operation of appellant's discharge in bankruptcy;

That plaintiff's claim is one founded upon contract, and that the appellant's right to a dismissal of the complaint became complete upon proof of his discharge in bankruptcy, since the introduction of such proof made a *prima facie* defense.

The failure of the plaintiff to object on the trial that the exhibit proffered as evidence of appellant's discharge in bankruptcy was not in form and effect the order granting the discharge or that it was not proper proof of such order precludes urging such objection on appeal.

APPEAL by the defendant, Edwin B. Havens, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of October, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the 3d day of November, 1920, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Cullom & Rinke* [*Neil P. Cullom* of counsel; *George H. W. Stone* with him on the brief], for the appellant.

*John J. Cunneen* [*William W. Niles* of counsel; *John J. Cunneen* with him on the brief], for the respondent.

DOWLING, J.:

This action was brought to recover the sum of $362.50 with interest from June 8, 1907, for the conversion of certain stock belonging to the plaintiff. The complaint sets forth that the defendants were copartners in business as stockbrokers and that on March 26, 1907, plaintiff purchased through them as brokers 100 shares of the common stock of the Rock Island Railroad Company of the par value of $100 each, for $1,800; that plaintiff deposited with defendants as security for the purchase of the said stock and their commissions as brokers and the interest charges for carrying the same, two bonds of the Wheeling and Lake Erie Railroad Company of the par value of $1,000 each, which the defendants received and accepted as margin and agreed to carry said stock until plaintiff should give them orders to sell the same, or until such time as they should desire to have plaintiff take up and pay for the same. It is alleged that thereafter, without notice to plaintiff, without his knowledge or consent, and without notifying him of their desire to terminate the arrangement and have him take up and

pay for said stock, the defendants on June 1, 1907, sold the stock and converted the proceeds to their own use. Plaintiff learned of this sale on June 7, 1907, and the following day, after having received notice of the sale of his stock, he purchased 100 shares of the common stock of the Rock Island Railroad Company, similar to that purchased by the defendants for him, for the sum of $2,150, which was the market value of the same at that time, and paid as well $12.50 brokers' fees for the purchase. The answer of the defendant Edwin B. Havens admits the partnership of the defendants as stockbrokers and that they were carrying on margin for plaintiff 100 shares of Rock Island railroad stock, and that plaintiff had deposited with them two bonds of the Wheeling and Lake Erie Railroad Company as security to protect said account. As a separate defense, said defendant alleges that prior to May 24, 1907, defendants were carrying on margin for plaintiff 100 shares of Rock Island stock and that on that day defendant and his firm made an assignment for the benefit of creditors and a receiver was appointed on that date, and that after said date defendant exercised no dominion or control over the brokerage business which he had theretofore conducted, but the conduct of the said business rested solely with the United States District Court, in which court on November 26, 1910, he received a discharge in bankruptcy discharging him from all debts and claims which were provable against defendant and his estate, including the alleged claim of the plaintiff herein. A copy of the discharge in bankruptcy is attached to said answer and made a part thereof and is the certificate which was received in evidence upon the trial of the action and marked Exhibit " A " without objection.

Upon the trial it was established, without contradiction, that on May 24, 1907, during the progress of the panic of that year, the failure of the defendant's firm was announced from the floor of the Stock Exchange and immediately thereafter a general assignment for the benefit of creditors was made with Herbert L. Norton as assignee. Immediately following the assignment, a creditor's petition in bankruptcy was filed against the defendant Edwin B. Havens on the same day, May 24, 1907, after which date it appears, without contradiction, that neither the defendant nor any person

connected with his firm had anything whatever to do with any of the defendants' assets nor had they any stock belonging to it in their possession. The defendant Edwin B. Havens testified that he never saw the 100 shares of Rock Island stock in question, nor ever touched it and never knew that plaintiff had any stock with the defendants' firm until he came to their office and demanded the bonds that were put up as margin. The bonds, it may be said, were returned to plaintiff as the trial court charged and do not figure in this suit. It appears, without contradiction, that neither of the defendants ever sold or disposed of this stock or received the proceeds thereof. It further appeared that whatever was done with regard to this stock was in pursuance to the ordinary method followed in similar transactions by which, where stock was purchased by brokers for customers on margin or security, the stock so purchased would be pledged in order to raise money on it so as to pay the person from whom it was purchased, and there is no proof that it was pledged for more.

This record is barren of any evidence of any conversion of the stock in question by the defendants. On the contrary, it affirmatively appears that they never disposed of the same or obtained any part of the proceeds therefrom. Whatever became of the stock in question, it happened after the assignee had taken possession of the assets of the defendants' firm and without any participation of the defendants therein.

The claim which the plaintiff had against the defendants, therefore, was not one in conversion, involving acts so wanton as to except the plaintiff's claim from the defendant's discharge in bankruptcy, under the rule laid down in *Kavanaugh* v. *McIntyre* (128 App. Div. 722; 210 N. Y. 175) and *Andrews* v. *Dresser* (214 id. 671). On the contrary, the facts made the plaintiff's claim one founded upon a contract, and, therefore, the rule laid down as to claims based on a contract, express or implied, in *Wood* v. *Fisk* (215 N. Y. 233) is applicable, and upon proof of the defendant's discharge in bankruptcy the defendant's right to a dismissal of the complaint became complete, for the introduction of such proof of a discharge in bankruptcy makes a *prima facie* defense, the presumption being that the bankrupt's debts were scheduled properly and that due notice had been given and the burden then being

cast upon the plaintiff in the action to show that because of the nature of the claim, failure to give notice or other statutory reason, the debt sued on was by law excepted from the operation of the discharge. (*Manheim* v. *Loewe*, 185 App. Div. 601.)

The defendant attached to his answer as proof of his discharge in bankruptcy a certificate signed by the clerk and under the seal of the United States District Court for the Eastern District of New York, setting forth the terms of an order made by said court on November 26, 1910, whereby the defendant Edwin B. Havens was ordered discharged from all debts and claims which were made provable by the Bankruptcy Acts against his estate, and which existed on the 24th day of May, 1907, on which date the petition for adjudication was filed by creditors, except such debts as are by law exempt from the operation of the discharge in bankruptcy. The plaintiff had ample notice of the order claimed to have been made, whereby the defendant was discharged, and when the certificate in question was offered by the defendant upon the trial, it was in the following form: " I offer in evidence certificate of the United States District Court for the Eastern District of New York showing filing of the petition in bankruptcy on May 24th, 1907, and his discharge on November 26th, 1910." To this proffered evidence no objection was made and the paper was received in evidence and duly marked and is the same paper referred to and made part of the answer of the defendant herein. No objection was ever made upon the trial that the exhibit was not in form and effect the order granting the discharge in bankrputcy or that it was not proper proof of such order having been made. Both sides treated it as proof of the making of such an order and it is too late to urge such an objection upon the hearing of this appeal.

The judgment and order appealed from will, therefore, be reversed, with costs, and the complaint herein be dismissed on the merits, with costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.