HENRY D. BROWN, Appellant, *v.* EUGENE L. GAREY and Another, as Executors, etc., of JAMES M. HOYT, Deceased, and Others, Individually and as Copartners Doing Business under the Firm Name and Style of PRINCE & WHITELY, Respondents, Impleaded with OTTO ANTONSEN and Others, Individually and as Copartners Doing Business under the Firm Name and Style of PRINCE & WHITELY, Defendants.

First Department, June 8, 1934.

*John F. Caskey* of counsel [*John R. McCullough* with him on the brief; *Hughes, Schurman & Dwight*, attorneys], for the appellant.

*Emil Weitzner* of counsel [*Earl J. Garey* and *David G. Haskins* with him on the brief; *Kaufman, Weitzner & Celler*, attorneys for the Chase National Bank of the City of New York and Eugene L. Garey, as executors of the estate of James M. Hoyt, deceased, and Gerald W. Hoyt; *Garey & Garey*, attorneys for Felix T. Hughes and Laurence S. Critchell], for the respondents.

O'MALLEY, J. The question presented is whether plaintiff's claim for conversion against the defendants survived the latter's

discharge in bankruptcy. The answer depends upon whether his cause of action is to be regarded as liability predicated upon defendants' willful and malicious injury to his property.

The defendants were engaged as partners in a general brokerage business. They had a principal office in New York city and branches elsewhere. Plaintiff, a resident of Philadelphia, Penn., was the owner of 165.61 shares of Pere Marquette Railway common stock, registered in his name. Part of this stock was represented by a certificate for sixty-five shares. All of the shares in question were offered through the respondents for sale upon instructions to the office manager of their Philadelphia branch to sell at a named price. One hundred shares, together with scrip, were sol            ιs informed, however, that his entire offering had be            ιordingly he delivered a certificate for one hundre            .er with the scrip, and a certificate for sixty-five sh

Sho            he certificate for sixty-five shares was pledged as pa            oan made by a corporation to the defendants. This            ιintiff's actual knowledge or consent; nor had he si            necation agreement or given any authorization to tl            pledge or hypothecate his securities. Plaintiff had            ount with the defendants and was in no way ind

            ς unauthorized pledge the defendants went into bankrupt            lender liquidated its account with the defendants, and, in partial satisfaction thereof, sold, with other securities, plaintiff's certificate. The defendants effected a composition in the bankruptcy proceedings and obtained their discharge. The plaintiff, however, as a party to the composition, expressly reserved his right against the individual partners on the cause of action here involved.

On the trial the defendants conceded plaintiff's ownership of the stock, the terms under which it was delivered, the pledge by the defendants to the lending corporation, and the sale by the latter in partial liquidation of defendants' indebtedness. They contended, however, that plaintiff had failed to prove that the sale of his stock was a willful or malicious injury to his property within the purview of section 17, subdivision 2, of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. 2), which exempts from release by discharge liabilities of this character. Their view was sustained by the trial justice.

With the conclusion reached we disagree. While it was not shown that any of the individual partners had actual knowledge of the wrongful pledge of plaintiff's security, or had expressly consented

thereto, other evidence in the case was sufficient to charge them with liability. It appeared from testimony given by defendants' employees that all securities were kept in large drawers. Defendants' loan clerk was accustomed to take out securities sufficient for a particular loan. The list of securities to be given as collateral for defendants' obligation in any instance was in fact left to loan clerks. None of these loans or accompanying collateral was reported to the partners. Defendants' office manager admitted that it was part of his duties to see that customers' securities were not improperly pledged and that " safe-keeping " securities should have been maintained in a custodian's account with a particular trust company.

As the defendants had authorized the particular manner in which loans to them were collateraled, it seems to us that they were responsible for the manner in which the duties of their employees were discharged. Having delegated full authority, the partners should not be permitted to escape liability merely because they failed to keep themselves informed, and by negligence or mere indifference omitted to give specific orders or actual consent to the transaction in question. Fiduciaries, as were the defendants, may not so easily divest themselves of their obligations. Nor was it incumbent upon the plaintiff to prove actual malice within the authorities. (*McIntyre* v. *Kavanaugh*, 242 U. S. 138, affg. 210 N. Y. 175; *Tinker* v. *Colwell*, 193 U. S. 473.)

We are of opinion, therefore, that within the meaning of section 17, subdivision 2, of the Bankruptcy Act, plaintiff proved a cause of action for willful injury to property. Defendants' discharge in bankruptcy, therefore, was not a defense to the present action. (*McIntyre* v. *Kavanaugh, supra; Heaphy* v. *Kerr*, 190 App. Div. 810; affd., 232 N. Y. 526.)

It follows, therefore, that the judgment appealed from should be reversed, with costs, and judgment directed for the plaintiff, with costs.

FINCH, P. J., MERRELL and MARTIN, JJ., concur; UNTERMYER, J., dissents.

UNTERMYER, J. (dissenting). The defendants were discharged from the liability asserted in the complaint unless the conversion of the plaintiff's shares of stock was " willful and malicious." (Bankruptcy Act, § 17, subd. 2; U. S. Code, tit. 11, § 35, subd. 2.) The burden of establishing that it was willful and malicious rather than accidental or negligent was upon the plaintiff who asserted that the liability was excluded from the operation of the discharge. (*Kreitlein* v. *Ferger*, 238 U. S. 21; *Matter of Levitan*, 224 Fed. 241;

*Manheim* v. *Loewe,* 185 App. Div. 601; *Niles* v. *Havens,* 198 id. 546.) Not only does it seem to me that that burden was not met, but the defendant's uncontradicted proof at the trial fully sustains the conclusion of the trial judge that there is " no proof of a deliberate or knowing disregard of plaintiff's rights by any of the defendants or their employees and no proof of bad faith, fraud or moral turpitude on the part of any of the defendants or their employees." I am prepared to concede that if the defendants' employees were guilty of intentional conversion of the plaintiff's property, the defendants, however innocent, nevertheless would have incurred liability for that character of wrong (*McIntyre* v. *Kavanaugh,* 242 U. S. 138), and that the claim would not have been discharged. But the uncontradicted evidence here is to the effect that the plaintiff's securities accidentally, though perhaps negligently, were included as collateral for the loan made to the defendants by the First of Boston Corporation. Instead of " safe-keeping " the plaintiff's certificate in the separate custodian's account maintained for that purpose, it was inadvertently placed with other securities intended for hypothecation. Under these circumstances neither the defendants nor their employees were guilty of an act of conversion which can fairly be described as " willful and malicious." (*Wood* v. *Fisk,* 215 N. Y. 233.)

It may be true, as Mr. Justice O'MALLEY observes, that the facts justify an inference of negligence on the part of the defendants' employees in the disposition of the plaintiff's property. No doubt that negligence is imputed to the defendants by operation of law. But the defendants were discharged in bankruptcy from liability for all acts of conversion except such as were " willful and malicious " and including such as resulted from negligence. Conceding, therefore, that the defendants' employees were negligent in using the plaintiff's securities as they did, this constituted a liability which was discharged by bankruptcy.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment awarded herewith.